PeaésoN, J.
 

 In
 
 Bivens
 
 v. Phifer, 2 Jones’ Rep. 436, some pains are taken to collate the cases upon the subject of taking
 
 “per capita"
 
 and
 
 “per simpes.”
 
 The general rule is admitted to be that legatees
 
 taka per capita.
 
 But an exception is made “if there be any thing in the will indicative of an intention that they shall take as families.” "When such an intention is indicated as to all or a part of the legatees, the division will be
 
 peer sUrpes.
 
 Por reasons there given, the case was held to fall under the exception. So,
 
 Lowe
 
 v.
 
 Carter,
 
 2 Jones’ Eq. Rep. 377, is held to fall under the exeeption. So,
 
 Gilliam
 
 v. Underwood, ante 100, is held to fall under the exception.
 

 The principle to be deduced from these last two cases is this: "Where a testator in one part of his will uses words in a sense about which there can be no mistake, and the same words are used in another part of the will, the presumption is that he uses them in the same sense. So, where in one part of the will he treats the objects of his bounty as a class, and in another part of the will he refers to them by the same words of description, the presumption is that he uses the same words in the same sense, and intends them to take as a class, and the division of the fund will be
 
 per siArpes
 
 as to them, treating them as a class, because the will in another part treats them as a class. Thus, in
 
 Lowe
 
 v. Carter, by the 8th item, the testator lends certain slaves to his daughter Sarah for life, with a remainder to her
 
 *207
 
 bodily heirs,
 
 meaning Tier children ;
 
 by the 9th item, he makes the same disposition of certain other slaves to his daughter Catharine, and her bodily heirs ; by the 10th item he directs his executor to hire out certain other slaves and pay over the proceeds to
 
 the children,
 
 of his daughter Elizabeth, until the youngest arrives at the age of twenty-two, and “ then to be equally divided among themby the 13th item he directs his personal property to be sold and the proceeds of sale to be equally divided between the
 
 bodily heirs
 
 of Elizabeth, Sarah and Catharine;
 
 “
 
 bodily heirs ” was taken to rnean children, as the daughters were living, and as the slaves were given to them
 
 “
 
 as classesand it was held that the testator in using the same words in reference to personal property as distinguished from slaves, meant to treat them as classes, and the division was to
 
 beper stirpes.
 
 It may be well to remark that the reference to
 
 Hill
 
 v.
 
 Spruill,
 
 4 Ire. Eq. Rep. 244, was made inadvertently, as is evident from the fact that, in that case, the division was
 
 per capita.
 
 So it is in opposition to the conclusion for which it was cited. The Court had put the decision on
 
 Bivens
 
 v. Phifer, decided but two terms before, where the subject is discussed at some length.
 

 So, in
 
 Gilliam
 
 v. Underwood, by the 4th item, the testator gives a legacy to “
 
 his son John Underwood's
 
 children,”
 
 treating them as a class;
 
 and when, in the residuary clause, he directs a division between his daughter Lucy and his son John’s children, and his son Berry, it is decided that, having, before, treated his son John’s children as a class, the presumption was, by using the same words, that he intended to treat them as a class.
 

 So in our case ; the testatrix by the 2nd item gives to
 
 the children
 
 of her deceased son, John, certain negroes, treating the children of her son John
 
 as a class;
 
 and when by the 5th item she directs the residue of her estate to be equally divided between the children of her son John, and her sons Benjamin and Joseph, the presumption is that she uses the same words in the same sense, and having, before, treated her son John’s
 
 *208
 
 children as a class, she intends also to treat them as a class in the division of the residue.
 

 The justness of this principle of construction is made the more apparent in reference to its applicability to a residuary clause, by its analogy to the distribution which the law
 
 makes
 
 of property not disposed of by the owner.” Under the statute of distributions, if all be in equal degree, the division is
 
 per capita ;
 
 if some are under the necessity of resorting to the right of representation in order to bring themselves up to an equality, then as to them the division is
 
 per stwpes
 
 — that is, they take the share of the person whom they represent. In our case, John’s children bring themselves up to an equality with their uncles by representing their father, and the testatrix having, in the specific legacy to them, treated them as a class, they must take in the same way when they are referred to by the same terms of description in the residuary clause. The decretal order is reversed.
 

 A decree will be .drawn in pursuance of this opinion, and the cost will be paid out of the estate.
 

 Pee CueiaM, Decree accordingly.