Battle, J.
 

 The ease turns upon the construction of the will of Andrew Gibson, and the question is whether the limitation over, in the following clause, is too remote. “ I will and devise that if any of my children should die without issue begotten in wedlock, that their property return to, and be equally divided among all my children, the said Joseph, trustee, holding such part in trust that may, or shall come to my daughters, to their children.” The will was made before the 15th day of January, 1828, and, on that account, is not to be governed by the act of 1827, which declares that “dying without issue of the body,” &c., shall be understood to mean dying without leaving issue, &c., living at the death of the de-visee, unless a contrary’intent plainly appear in the will. Before -that act went into operation, the general rule was, that such expressions as dying without heir or heirs of the body, or without issue, or issues of the body, &c., annexed to a devise in fee, and preceding a limitation over of the estate, meant an indefinite failure of heirs, or issue of the body, and (as tending to create a perpetuity) made the limitation over too remote, and, therefore, void. But to this rule there were certain exceptions, as well established as the rule itself, which prevailed whenever the devisor used expressions in his will which showed that he intended to confine the dying without heirs or issue of the body, to a life, or lives, in being, and twenty-one years afterwards, a child in
 
 ventre seo mere
 
 being considered a life in being. See Fearne on Remainders, 467,
 
 et seq. Davidson
 
 v. Davidson, 1 Hawks Rep. 161 ;
 
 Brown
 
 v. Brown, 8 Ire. Rep. 134 ;
 
 Long
 
 v. Norcom, 4 Ire. Rep. 255.
 
 *428
 
 It must be admitted, then, that the expression in the clause of the will to which we have referred, “ if any of my children should die without issue begotten in wedlock,” will make the limitation over too remote, unless an intention to restrict the meaning of the words can be found in the same clause, or in other parts of the will. This makes it necessary to enquire whether such an intention can be discovered in any part of the will, it being our duty to look to every part, in order to give a consistent construction to the whole. In the 5th clause of his will, the devisor gave to his son Joseph the tract of land now sued for, in terms which, by virtue of the act of 1784, (Revised Code, ch. 119, sec. 26,) if not by their own force, conveyed the fee. By the 6th item, he .gave to his son Joseph certain land and slaves, in trust, for the heirs of the body of his daughter Elizabeth; “ but she to have a maintenance during her lifeand by the 7th and 8th items, he made similar provisions for the heirs of the body, respectively, of his daughters, Jane and Nancy, subject to a maintenance for their lives, as in the case of -his daughter Elizabeth. The terms “ heirs of the body ” of the daughters, mean their children, because the daughters are noticed in the will as being alive. Indeed the terms are so explained in the next clause, where the limitation over, which we are now considering, ^ found. That limitation applies to the death of each of the daughters without issue begotten in lawful wedlock, as well as to his son Joseph, all being equally his children. Now, as applied to the daughters, it is manifest that the devisor did not mean an indefinite failure of issue, but only to issue living •at the death of eaeh of them, respectively. The daughters took no estate, either -legal or equitable, in the properly, but it became vested in the children, burdened with a charge for the maintenance of their mothers. The meaning evidently was, that if either of the devisor’s daughters died leaving no children, then
 
 the
 
 trustee should hold the property for the children of the other daughters, and upon the same terms as he held the land and slaves given to them directly. If this be so, then the same construction must be put upon the same
 
 *429
 
 terms as applied to Joseph, for we cannot reasonably suppose that tbe devisor meant to distinguish between his sons and his daughters, when he made the same limitation over upon the death of each of his “children.” Iiis intention evidently was, that if any one or more of his sons died, leaving a child, or children, then his estate should become absolute in such child or children ; but if he should leave no child, then his estate should go over to his surviving brothers and the children of his sisters, subject.to the maintenance of such sisters.
 

 Our opinion is that there is no error in the judgment given in the Court below, and it is affirmed.
 

 Pee Cubiam. Judgment affirmed.