Battle, J.
 

 The pleadings present for construction the' following clause in the will of Malachi Gr. Sawyer :
 
 “
 
 I lend' unto my beloved wife-, Mary Gr. Sawyer, alb of my real and personal estate, to have and to hold the same during her natural life, and at her death, I give the same-to be equally divided between the heirs of my beloved wife, Mary G-. Sawyer, and my heirs at law.”
 

 Two questions are raised: 1st, Whether the testator’s-widow took a life estate only in all ■ the property, real and personal, of the testator, or a life estate in one-half of the property, and an absolute estate in the other half by virtue of the rule in Shelly’s-case ; 2ndly, If she took a life estate-only in the whole property, then, whether the persons answering to the descriptions,
 
 u
 
 heirs- of the widow,” and
 
 “
 
 heirs of the testator,” take
 
 per stirpes, ox per capita.
 

 We deem it unne3sary to decide the first question, because we are clearly of opinion that the division between; the heirs of the testator, and those of his widow, must be-
 
 per stirpes,
 
 which will cause the devolution of the property to-be the same as if the widow were to -take one-half absolutely..
 

 Assumiog the.n that the widow took a life estate only in the land and personalty, we must enquire how the division of the remainder is to be made between the devisees and legatees thereof. There is nothing in the will to show f~at the words “ heirs at law,” as applied to the testator, were not used in their technical sense, and therefore we are bound to take them in that sense, and to hold that all of the brothers of the testator who were living at his death, together with the children of his deceased sister,, took the part givea
 
 *10
 
 to them, both realty and personalty,
 
 per stirpes.
 
 For this the case,
 
 Rogers
 
 v.
 
 Brickhouse,
 
 5 Jones’ Eq., 301, is a direct authority.
 

 This rule being established for the division among the “heirs at law” of the testator, we must also apply it to the division between them as a class, and the “ heirs ” of the widow. We cannot find any authority for a construction which will, under the same clause of a will, cause a-division partly
 
 per stirpes
 
 and partly
 
 per capita,
 
 among the objects of the testator’s bounty, On the contrary, we find it laid down in
 
 Lockhart
 
 v.
 
 Lockhart,
 
 3 Jones’ Eq., 205, that even where there are different clauses of a will, if the testator use words in one clause which describe the devisees or legatees as a
 
 class,
 
 ana again refers to them by the samo words, they must be taken as a class in the second clause. That principle is decisive of the present case, and the division between the heirs of the testators’s- widow and his own heirs at law must be
 
 per stirpes.
 

 Where a direction is giveu in a will for the equal division of a fund among several named persons and “the heirs ” of another, and it appears that by “heirs ” it meant children, as in
 
 Ward
 
 v.
 
 Stow,
 
 2 Dev. Eq., 509, and
 
 Harris
 
 v.
 
 Philpot,
 
 5 Ire., 324, such division must be
 
 per capita;
 
 but when the phrase, “heirs of, &c.,” must include not only children, but grandchildren as representatives of deceased children, then the division among all the devisees and legatees must be
 
 per stirpes.
 

 In this case the decree will direct a division, by which the only heir and next of kin of Mary G-. Sawyer shall have one-half of the remainder of the testator’s property, and his own heirs at law and next of kin shall have the other half, to be divided among themse’ves
 
 per stirpes.
 

 The costs of the suit must be paid out of the estate.
 

 Per Curiam.
 

 Decree accordingly.