GEORGE E. KIDDER, EXECUTOR OF KARIN D. BAILEY, DECEASED, v. MRS. CHARLOTTE P. BAILEY, GUARDIAN OF CLARICE BAILEY AND EDWARD P. BAILEY, MINORS UNDER THE AGE OF FOURTEEN YEARS.

(Filed 2 April, 1924.)

**1. Wills—Intestacy—Presumptions.**

While there is a presumption that a testatrix intended to dispose of her entire estate by will, it must give way when by the plain language of the will it appears by its interpretation as a whole that she omitted from the will a part of her estate, as to which she had died intestate.

**2. Same—Descent and Distribution.**

> Where the testatrix died seized of an inheritance derived from her mother, consisting of lands, stocks, etc., and also of an estate or property otherwise so held, and devised all of the property derived by her from her mother and other certain shares of stock to her two sisters, without residuary clause or other disposition by her will, interpreting the will as a whole, *it is held* that by the clear language of the will, admitting of no extrinsic aid of interpretation, she died intestate as to all property not derived by her from her mother except the stock named, and the residue of her estate descended upon her heirs at law.

CIVIL ACTION tried before *Cranmer, J.,* at October Term, 1923, of NEW HANOVER. Appeal by defendants.

*E. K. Bryan for plaintiff.*
*Bellamy & Bellamy and Rountree & Carr for defendants.*

CLARKSON, J. Karin D. Bailey died in New Hanover County on 14 September, 1921. At the time of her death she left surviving her two sisters (1) Virginia Bailey Chisolm and (2) Frances Bailey Kidder, and Clarice Bailey and Edward P. Bailey, infants under 14 years of age, only children of her brother, Edward P. Bailey, deceased. She left a will, and the plaintiff, Geo. E. Kidder, is the sole executor. The other executor appointed, Walter N. Storm, declined to qualify.

This was a holograph will made by Karin D. Bailey, and is as follows:

"27 December, A. D. 1919.

"Last will and testament of Karin Dahlstrom Bailey.

"I leave and bequeath to my two sisters, Virginia Bailey Chisolm and Frances Bailey Kidder, all of my interest in the estate of my mother (Annie Empie Bailey) including all real property, stocks and bonds, and all of my interest in the Wilmington Iron Works, to be divided equally between them, share and share alike, except as hereinafter noted.

"I leave and bequeath to my sister Frances Bailey Kidder my gold ring with three diamonds, for her lifetime, at her death to go to my niece, Virginia Empie Chisolm—if my sister Frances B. Kidder has not a daughter named Ann Empie Kidder.

"I leave and bequeath to my friend, May Houston, five hundred dollars ($500) and my gold wrist watch.

"I leave and bequeath to my friend, Sarah Jackson Storm, five hundred dollars ($500).

"I leave and bequeath to my friend, Sara L. Maffitt, all my bureau silver.

"I ask that my brother-in-law, George E. Kidder, and my friend, Walter W. Storm, act as my executors, and that no bond be required of them.                                   KARIN D. BAILEY."

It appears from the language of the whole will that Karin D. Bailey was a woman of more than ordinary intelligence. She had real and personal property other than what she received from the estate of her mother, Annie Empie Bailey. She received from her mother's estate real property, stocks and bonds. The sole question presented to this Court is whether her will to her two sisters not only included the estate received from her mother but all other property she owned at her death. If this was the language and intent of the will, the whole estate went to her two sisters and the two children of her deceased brother, Edward P. Bailey, defendants in this action, get nothing.

The portion of the will that the contention is over is as follows: "I leave and bequeath to my two sisters, Virginia Bailey Chisolm and Frances Bailey Kidder, all of my interest in the estate of my mother (Annie Empie Bailey), including all real property, stocks and bonds, and all of my interest in the Wilmington Iron Works, to be divided equally between them, share and share alike, except as hereinafter noted."

It is agreed by the counsel for the contending parties, and it is the law, that it is an established rule of law that the presumption is, when a party makes a will that he disposes of his entire estate, and so intends. *Allen v. Cameron,* 181 N. C., 120; *Austin v. Austin,* 160 N. C., 367; *Peebles v. Graham,* 128 N. C., 225; *Blue v. Ritter,* 118 N. C., 580; *Reeves v. Reeves,* 16 N. C., 386.

Usually there is a residuary clause in a will which generally deals with all property not before disposed of in the will. In the will under consideration there is no such clause.

From the record—in the judgment—it appears, "It was admitted that Karin D. Bailey had some property which she inherited from her mother and that she had other property that was not inherited from her mother, in addition to her interest in the Wilmington Iron Works."

"There is a cardinal rule, also, that the heir should not be disinherited except by express devise or by one arising from necessary implication, by which the property is given to another, though the right of the testator to omit the heir from his will is not to be denied or curtailed." Underhill on Wills, sec. 466; *Dunn v. Hines,* 164 N. C., 117.

The true rule is laid down by *Adams, J.,* in *McIver v. McKinney,* 184 N. C., 396, where it is said: "The question is not what the testator intended to express, but what he actually expressed in his will, when all its provisions are considered and construed in their entirety. *Patterson v. Wilson,* 101 N. C., 586 *Francks v. Whitaker,* 116 N. C., 518; *Chewning v. Mason,* 158 N. C., 579; *Dunn v. Hines,* 164 N. C., 114; *Taylor v. Brown,* 165 N. C., 157; *McCallum v. McCallum,* 167 N. C., 310."

This rule should always be followed, especially when it is consonant with justice and natural affection. Did the testatrix intend to exclude from her will the infant children of her deceased brother? If she did she could in clear language have said so. The will indicates that the testatrix was a woman of more than ordinary sense and ability; her English and language, and the whole will, indicate that she was a woman of education. What is her language? "I leave and bequeath to my two sisters, Virginia Bailey Chisolm and Frances Bailey Kidder, *all of my interest in the estate of my mother* (italics ours) (Annie Empie Bailey), including all real property, stocks and bonds, and all of my interest in the Wilmington Iron Works, to be divided equally between them, share and share alike, except as hereinafter noted." She does not convey *all of her property* but *"all of my interest in the estate of my mother,"* and names her mother (Annie Empie Bailey), so there could be no mistake as to the estate, and then she names what the estate consists of, "including all real property, stocks and bonds." She had an interest in the Wilmington Iron Works and when she comes to that— all of that must go to these two sisters, "and *all* of my interest in the Wilmington Iron Works," then comes "to be divided equally between them, share and share alike, except as hereinafter noted." Then comes minor bequests to other parties.

There is no ambiguity about the will, the language is plain and means what it says—that the testatrix left to her two sisters, Virginia Bailey Chisolm and Frances Bailey Kidder, all of her interest in the estate of her mother, Annie Empie Bailey, and all of her interest in the Wilmington Iron Works. As to her other property she died intestate, and Clarice and Edward P. Bailey, infant children of her deceased brother, Edward P. Bailey, are entitled, as heirs at law, to their share in any other property that Karin D. Bailey died seized and possessed of.

We conclude that, by the proper construction of said will, the said Karin D. Bailey died intestate as to all of her property, except that which she owned in the Wilmington Iron Works, and also as to that which she derived from the estate of her mother, and the appellant's wards, as heirs at law and distributees, by reason of being the children of Edward P. Bailey, deceased, brother of Karin D. Bailey, are entitled to share pro rata with Virginia Bailey Chisolm and Frances Bailey Kidder in the distribution of all of the property of which she died intestate.

Where the language is clear as to the intent of the testator and there is no latent ambiguity, there can be no extrinsic proof.

In *McDaniel v. King,* 90 N. C., 602, *Merrimon, C. J.,* said: "If a will is sufficiently distinct and plain in its meaning as to enable the court to say that a particular person is to take, and that a particular thing

passes, that is sufficient, and it must be construed upon its face without resorting to extraneous methods of explanation to give it point. Any other rule would place it practically within the power of interested persons to *make* a testator's will, so as to meet the convenience and wishes of those who might claim to take under it." *Williams v. Bailey,* 178 N. C., 632.

From the view we take of this case we think there was Error.