WILLIAM EDWARD TANKERSLEY, MINOR, BY HIS NEXT FRIEND, J. W. TANKERSLEY, v. MATTIE BISHOP DAVIS ET AL.

(Filed 2 May, 1928.)

**Deeds and Conveyances—Construction and Operation—Estates and Interests Created—Adopted Children.**

A deed to the grantor's daughter conveying the lands to be held, with remainder over as designated thereinafter, with *habendum* to her for her natural life then over to any child or children she may leave surviving her in fee, qualified by the expression, should any child or children born unto her predecease her, the other such children should take in fee, with an ultimate and further contingent limitation over : *Held*, giving the intent of the testator controlling significance, a child adopted after the death of the grantor, no other child having been born, is excluded as against the ultimate takers of the blood of the grantor provided by the deed. C. S., 185.

CIVIL ACTION before *Lyon, Emergency Judge,* at March Term, 1928, of GUILFORD.

The facts are as follows : On 12 November, 1923, J. C. Bishop executed and delivered to his daughter, Bonnie B. Tankersley, a deed for a certain lot of land. The conveying clause of the deed was "unto the said party of the second part to have and to hold and then in remainder, as hereinafter set out and not otherwise." The *habendum* clause was "to the said party of the second part for and during the term of her natural life and thereafter to any child or children she may leave surviving her in fee, and in the event that any child or children she may have had born unto her shall have predeceased her, then the child or children of any dead child or children shall represent and take such interest and estate as his, her, or their parent or parents would have taken had he or she survived the party of the second part, and in the event that the said party of the second part shall leave no child or children nor the representative of such, surviving her, then to Mrs. Mattie V. Davis, wife of A. C. Davis," etc. The deed was duly recorded. The only children of the grantor Bishop at the time of making the deed were Bonnie B. Tankersley and Mattie V. Davis. On 6 April, 1927, or about three and a half years after the registration of said deed, Bonnie B. Tankersley and her husband, J. W. Tankersley, duly adopted a son of a deceased brother of J. W. Tankersley, the husband of Bonnie B. Tankersley, and said adopted child was not related by blood to Bishop, the grantor, or to Bonnie B. Tankersley, the grantee. The minor plaintiff had been living in the home of J. W. Tankersley and Bonnie B. Tankersley for several months prior to the date of the deed. Bonnie B. Tankersley had no children and died on 14 April, 1927. The plaintiff, the adopted child of Bonnie B. Tank-

ersley, claims the property under the Bishop deed. The defendant, Mattie Davis, and her daughter Virginia Bishop Davis, claim the property under the deed of Bishop.

The cause was submitted to the judge upon the foregoing facts, who was of the opinion and so adjudged that the title to said land is vested in Mattie Bishop Davis and that the plaintiff was not entitled to the property, from which judgment plaintiff appealed.

*Hines, Kelly & Boren for plaintiff.*
*King, Sapp & King for defendants.*

BROGDEN, J. The question is this: Under the deed of Bishop who is entitled to the land, the adopted child of Bonnie B. Tankersley or the sister of Bonnie and the children of said sister?

C. S., 185, provides in substance that if the adoption is for life the adopted child by virtue of the adoption is enabled "to inherit the real estate and entitle it to the personal estate of the petitioner in the same manner and to the same extent such child would have been entitled to if such child had been the actual child of the person adopting it," etc.

The question of inheritance is not involved in this case because the takers of the property hold under the deed of Bishop and not by inheritance from Mrs. Tankersley. The inevitable trend of modern authority is to the effect that a deed must be construed in its entirety in order to ascertain the intention of the parties thereto, and neither "antiquated technicalities" nor strained construction is permitted to nullify the intention of the grantor. *Triplett v. Williams,* 149 N. C., 394.

The words of the deed "during the term of her natural life, and thereafter to any child or children she may leave surviving her in fee," nothing else appearing, would undoubtedly vest the title of the property in the adopted child. But something else does appear, to wit, "and in the event that any child or children she may have had born unto her shall have predeceased her, then the child or children of any dead child or children shall represent and take such interest," etc. The word "born" implies blood. Certainly our statutes of descent, in most instances, search for the blood of the deceased with the same unerring discrimination as manifested by the "Destroying Angel" that passed over Egypt in the days of Moses.

The defendants contend that a proper construction of the deed means that if the deceased Bonnie Tankersley had an adopted child, the property would go to the adopted child; but if she left a "born child," the children of such born child should represent the ancestor or ancestors, whereas the children of an adopted child would have no such right.

This, we think, is a strained construction of the deed. It is what the accountants might call a "forced balance." The adoption took place three and a half years after the deed was made. So that no adoption existed at the time of its execution. It is hard to conceive how the grantor contemplated an artificial status that did not even exist. Moreover the grantor on or about the same time he executed the deed in controversy, delivered to his other daughter, Mrs. Davis, a deed in identical language. It would appear that a plain common-sense construction of the instrument would develop the conclusion that the grantor intended to keep his property "in the family." It is perhaps significant that the adoption took place only eight days before the death of Bonnie Tankersley.

The defendants rely upon *Butterfield v. Sawyer,* 187 Ill., 598, 52 L. R. A. (O. S.), 75. The deed involved in that case contained no language indicating a blood relationship. The deed conveyed the property to a life tenant, "the remainder to her child or children that may be living at the time of her decease, and to the heirs and assigns of such child or children forever, and, in default of child or children of the said Adeline Butterfield at the time of her decease, then to the heirs generally of the said Adeline Butterfield forever," etc. The court held that the adopted child received the property under the expression "heirs generally," and even this decision was rendered by a sharply divided Court. The contrary view is discussed by the Supreme Court of Pennsylvania in the case of *Re Puterbaugh,* 104 Atlantic, 601, 5 A. L. R., 1277. The annotation in 5 A. L. R., assembles the authorities upon the question. In that case the testator devised certain property to his son during his natural life "and at his death . . . to his child or children and their heirs . . . and in the event he died without leaving any child or children, then over." The Court inquired: Whom did the testator understand to be contemplated within the words "children of Harrison S.," as he here employed them? The Court said: "A circumstance which we think, however, goes very far in support of appellants' contention, is that the adoption of this appellee occurred four years after the death of the testator, and nothing is to be found in the will suggesting that, so far as testator knew, the adoption of a child was then contemplated. Not a single extrinsic fact can be pointed to as indicating that the testator intended that anyone not of his blood should share in his bounty, while the will itself may be searched in vain for any indication tending even remotely to show that he so intended." The effect of the decision is stated in the first head-note in this language: "A child adopted after death of testator is not within a provision of the will giving a life estate to testator's son, and after the death of the son to his child or children."

Both the *Butterfield case* and the *Puterbaugh case* represent divergent views, based, no doubt, upon variable wording in the adoption statutes. Suffice it to say that we plant our decision squarely upon the construction of the deed and hold that the language of the deed itself excludes the adopted child.

Affirmed.