WACHOVIA BANK & TRUST COMPANY AND MARION GREEN JOHNSTON, AS EXECUTORS AND TRUSTEES UNDER THE WILL OF GAY GREEN, DECEASED, AND MARION GREEN JOHNSTON, INDIVIDUALLY, v. OTTIS GREEN, JR., AILEEN MOREL JOHNSTON, JOHN DEVEREAUX JOHNSTON, JR., MINOR, REPRESENTED HEREIN BY HIS DULY APPOINTED GUARDIAN AD LITEM, JOHN DEVEREAUX JOHNSTON, LAURA ADELAIDE GREEN, MARY VIRGINIA GREEN AND MICHAEL JOSEPH GREEN, MINORS, REPRESENTED HEREIN BY THEIR DULY APPOINTED GUARDIAN AD LITEM, VIRGINIA F. GREEN, AND ALL PERSONS NOT NOW IN ESSE WHO MAY HEREAFTER ACQUIRE AN INTEREST IN THE ESTATE OF GAY GREEN, DECEASED, AND BE AFFECTED BY THIS PROCEEDING, REPRESENTED HEREIN BY THEIR DULY APPOINTED GUARDIAN AD LITEM, JOHN C. CHEESBOROUGH.

(Filed 17 March, 1954.)

**1. Appeal and Error § 1—**

Ordinarily, the Supreme Court will not pass upon questions which are not ruled upon in the court below.

**2. Wills § 34c—**

The general rule is that where no language showing a contrary intent appears in a will, a child adopted either before or after the execution of

the will, but prior to the death of the testator, where the testator knew of the adoption in ample time to have changed his will so as to exclude such child if he so desired, such adopted child will be included in the word "children" when used to designate a class which is to take under the will.

**3. Wills § 31—**

While the dispositive provisions of a will speak as of the death of the testator, G.S. 31-41, in ascertaining testator's intent the will must be considered in the light of the conditions and circumstances existing at the time it was made.

**4. Wills § 34c—Under facts of this case, adopted child held not entitled to take part of corpus under devise to children of life tenant.**

Under the provisions of the will in suit, testator's niece and nephew and children "born" to them were made beneficiaries of the income from the trust estate therein created, with further provision that upon the death of the survivor of the niece and nephew the trust should terminate and the *corpus* paid share and share alike to the children of the niece and nephew then surviving. *Held:* Adopted children of the nephew were not entitled to share in the *corpus* of the estate, the word "children" as used in the provisions for the disposition of the *corpus* being given the same meaning as in the provision for the distribution of the income, which was limited to children "born" to either the nephew or niece.

**5. Wills § 31—**

Where it is apparent from one portion of the will that testator gave a particular significance to a certain word or phrase, the same meaning will be presumed to have been intended in all other instances in which the same word or phrase is used in the will.

**6. Same—**

If the intent of testator may be ascertained from the consideration of the will from its four corners, extrinsic evidence is not admissible for the purpose of overruling the intent therein expressed.

APPEAL by defendant Virginia F. Green, guardian *ad litem* of Laura Adelaide Green, Mary Virginia Green and Michael Joseph Green, minors, from *Clarkson, Special Judge,* November Term, 1953, of BUNCOMBE.

This action was instituted in the Superior Court of Buncombe County by the duly appointed and acting executors and trustees under the last will and testament of Gay Green, and Marion Green Johnston, individually, to obtain the advice of the court with respect to the following questions:

"(a) As to whether the defendants Laura Adelaide Green and Mary Virginia Green are, or either of them is, entitled to participate in the distribution of the income of the Trusts created by the will of Gay Green, deceased, and, if so, from what time and on what basis.

"(b) As to whether the defendant Michael Joseph Green, upon the completion of adoption as a child of the defendant Ottis Green, Jr., will

be entitled to participate in the distribution of the income of the Trusts created by the will of Gay Green, deceased, and, if so, on what basis

"(c) As to whether the defendants Laura Adelaide Green and Mary Virginia Green, and the defendant Michael Joseph Green, if his adoption as a son of Ottis Green, Jr., is then complete, will be entitled to share in the distribution of the assets of the Trusts created by the will of Gay Green, deceased, as children of the defendant Ottis Green, Jr., when said Trusts have terminated."

At the April Term, 1953, of the Superior Court of Buncombe County the court ruled on questions (a) and (b) but declined to rule on question (c). Upon appeal to this Court we affirmed the rulings of the court below on questions (a) and (b) to the effect that none of the adopted children of Ottis Green, Jr., and wife may take as beneficiaries under the Trusts created by the will of Gay Green, deceased, and remanded for a ruling on question (c). See *Trust Co. v. Green,* 238 N.C. 339, 78 S.E. 2d 174, where the facts are fully set out.

The present appeal is from the ruling in the Superior Court of Buncombe County on question (c).

Gay Green died on 8 June, 1951, and his last will and testament was duly probated in the office of the Clerk of the Superior Court in the aforesaid county.

The will of Gay Green was executed on 10 December, 1947. Laura Adelaide Green and Mary Virginia Green were placed in the home of Ottis Green, Jr., by the Superintendent of Public Welfare of Cleveland County, North Carolina, on 10 May, 1951. The proceedings for the adoption of these children were instituted by Ottis Green, Jr., and his wife, Virginia F. Green, on 22 May, 1951. The interlocutory decrees in these proceedings were entered on 20 June, 1951, and the final decrees on 23 June, 1952. The proceeding for the adoption of Michael Joseph Green by Ottis Green, Jr., and wife was instituted on 25 June, 1952. The interlocutory decree was entered on 8 August, 1952, and the final decree was not entered until or after 8 August, 1953.

The clauses in the will under consideration and pertinent to this appeal are as follows:

"Sub-paragraph (c) of Section (4) of Item V:

"They shall pay the remaining net income in regular installments, not less frequently than quarterly, in equal shares, to my niece, Marion Green Johnston, my nephew, Ottis Green, Jr., and the children of said Marion Green Johnston, namely: Aileen Morel Johnston, and John Devereaux Johnston, Jr. In the event any child or children shall hereafter be born to either my said niece or my said nephew, such child or children shall participate equally with the others just named, in the distributions made under this sub-paragraph.

"Paragraph 3 of Item X:

"They shall collect all of the income from the Trust assets, and, after paying all taxes, insurance and other proper charges in connection with the administration of the Trust, and the management of the various properties and assets therein, including the compensation of the corporate Trustee, they shall pay the same in regular installments, not less frequently than quarterly, in equal shares, to my niece, Marion Green Johnston, my nephew, Ottis Green, Jr., and the children of said Marion Green Johnston, viz.: Aileen Morel Johnston, and John Devereaux Johnston, Jr. In the event any child or children shall hereafter be born to either my said niece or my said nephew, such child or children shall participate equally with the others just named in the distribution made under this sub-paragraph.

"In the event that, during the life of this Trust, any beneficiary thereunder, other than my said niece or my said nephew, shall die, leaving issue then surviving, such issue shall receive the income which their parent would have received, if living.

"Paragraph 4 of Item X:

"Upon the death of the last survivor of my said niece, Marion Green Johnston, and my said nephew, Ottis Green, Jr., the Trust created by this Item of my will shall terminate and the net assets of this Trust shall be paid and delivered, share and share alike to the children of Marion Green Johnston, and the children of Ottis Green, Jr., then surviving, the issue of any deceased child to receive, *per stirpes,* the share which their parent would have received, if living."

The court below held that none of the defendants, Laura Adelaide Green, Mary Virginia Green or Michael Joseph Green, will be entitled to share in the distribution of the assets of the Trusts created by the will of Gay Green, deceased, upon the termination of the Trusts, and entered judgment to that effect. Virginia F. Green, guardian *ad litem* of Laura Adelaide Green, Mary Virginia Green and Michael Joseph Green, appeals, assigning error.

*Williams & Williams for appellant Virginia F. Green, guardian ad litem of Laura Adelaide Green, Mary Virginia Green and Michael Joseph Green, minors.*

*Hudgins & Adams and Ward & Bennett for appellees Aileen Morel Johnston and John Devereaux Johnston, Jr.*

*John C. Cheesborough, guardian ad litem for all persons not now in esse.*

DENNY, J. The appellant seriously contends that in order to ascertain whether the testator intended to include the adopted children of Ottis

Green, Jr., and his wife, Virginia F. Green, as ultimate beneficiaries under paragraph 4, Item X of his will the trial court should have permitted her to introduce evidence bearing upon such intention.

The record discloses that the court below, upon a consideration of the allegations in the complaint and the answers thereto, including the will of Gay Green, and after hearing and considering the arguments of counsel for the respective parties, held that "no issue or incidental questions of fact arise therefrom necessary to the determination of the controversy before us."

The appellant contends, however, that it was not necessary for this Court to remand the case when it was heard on the former appeal, unless we intended to give her an opportunity to introduce evidence and to have the court find the facts and enter its conclusions of law thereon, citing G.S. 7-11; *Mining Co. v. Mills Co.,* 181 N.C. 361, 107 S.E. 216; *Knight v. Little,* 217 N.C. 681, 9 S.E. 2d 377; *Suddreth v. Charlotte,* 223 N.C. 630, 27 S.E. 2d 650.

Ordinarily, upon appeal to this Court we do not pass upon questions raised but not ruled upon in the court below. See *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888, in which *Barnhill, J.,* now *Chief Justice,* discussed the reason for remanding such cases. Furthermore, the mere fact that occasionally this Court, in its discretion, considers the merits involved in a case although not properly presented, as it did in *Suddreth v. Charlotte, supra,* does not bind us to follow that course in all such cases.

The appellant is relying principally upon our decisions in *Bradford v. Johnson,* 237 N.C. 572, 75 S.E. 2d 632, and *Smyth v. McKissick,* 222 N.C. 644, 24 S.E. 2d 621. In our opinion the facts in those cases are clearly distinguishable from those in the instant case.

In *Smyth v. McKissick, supra,* Ellison A. Smyth created an irrevocable trust agreement in 1932 for the benefit of certain named beneficiaries. Thereafter, in 1934, he executed a will under the terms of which the remainder of his estate was put in trust for the benefit of the same beneficiaries named in the trust indenture. The final distribution of the *corpus* of the trust under the will was directed to be made "upon the death of all," the testator's children and the death or remarriage of his daughter-in-law, but in no event earlier than 1944. The estate was then to be distributed to the children of his deceased children. Thomas Smyth, one of the children of James Adger Smyth (a son of the testator who died prior to the execution of the will), and a grandson of the testator, Ellison A. Smyth, was married in November, 1932, to Frances Thrower Smyth. Having no children born to them, in 1938 they adopted for life David Hutchinson Smyth. It was admitted that the testator knew and approved of the adoption. He treated the child as he did the children born to his other grandchildren, giving him presents

and keeping a photograph of him in his home. Thomas Smyth died in April, 1941, leaving a last will and testament by which he disposed of all his property to his widow. The testator, Ellison A. Smyth, died 3 August, 1942.

This Court, in passing upon the interest of the adopted child in the irrevocable trust which was created in 1932, held that the trust indenture was effective from the date of its execution and the adopted child took nothing thereunder. But, since the will did not become effective until the death of the testator and the testator knew and approved of the adoption, the adopted child took under the provisions of the will. The Court, in speaking through *Devin, J.,* later *Chief Justice,* said: "The will of Ellison A. Smyth spoke from his death in 1942. At that time Thomas Smyth was dead, leaving an adopted child. David Hutchinson Smyth had become in law the child of Thomas Smyth and Frances Thrower Smyth, as respects them, as much so as if he had been born to them by natural law. While his adoption did not constitute him an heir of Ellison A. Smyth (*Grimes v. Grimes,* 207 N.C. 778, 178 S.E. 573), yet as the lawful child of Thomas Smyth he was entitled to take in substitution and as representative of his adopting father. He was then qualified in every legal aspect, as the 'child' of Thomas Smyth, to step into his father's shoes, and as the son of his father take property rights which had been set aside for his father." *Cf. Tankersley v. Davis,* 195 N.C. 542, 142 S.E. 765.

The case of *Bradford v. Johnson, supra,* was heard upon the pleadings and certain facts agreed upon and set out in the judgment. The testator, John M. W. Hicks, established twelve equal and separate residuary Trusts for certain of his nieces and nephews for and during their respective lives. Each separate Trust was to cease and determine at the death of the life beneficiary thereunder. Upon the termination thereof the *corpus* of the Trust was to be divided so far as practicable in kind among the surviving children of the life beneficiary under that particular Trust. The property, which consisted altogether of personalty, was to be transferred and paid over to them absolutely and free from any Trust, and in equal shares, share and share alike, *per capita* and not *per stirpes.*

The will of John M. W. Hicks was executed on 8 December, 1926, and a codicil thereto was executed on 1 March, 1935. The testator died on 17 March, 1944. A nephew, Marion F. Wyatt, who was a life beneficiary under one of the twelve Trusts, adopted a child on 2 December, 1929, for life. We held that this adopted child, Marion F. Wyatt, Jr., was included in the word "children," used to designate the class which is to take under the will upon the termination of the Trust under which Marion F. Wyatt is the life beneficiary.

The general rule is that where no language showing a contrary intent appears in a will, a child adopted either before or after the execution of the will, but prior to the death of the testator, where the testator knew of the adoption in ample time to have changed his will so as to exclude such child if he so desired, such adopted child will be included in the word "children" when used to designate a class which is to take under the will. *Bradford v. Johnson, supra,* and cited cases.

The dispositive provisions of a will speak as of the death of the testator. G.S. 31-41; *Trust Co. v. Waddell,* 237 N.C. 342, 75 S.E. 2d 151; *Ferguson v. Ferguson,* 225 N.C. 375, 35 S.E. 2d 231; *Smyth v. McKissick, supra.* However, the fact that a will speaks from the death of the testator, "relates to the subject matter of disposition only, and does not in any manner interfere with the construction in regard to the objects of the gift." *Hines v. Mercer,* 125 N.C. 71, 34 S.E. 106; *Robbins v. Windly,* 56 N.C. 286. Consequently, it is well settled in this jurisdiction that the intent of the testator is to be ascertained, if possible, from a consideration of the language used by him, and "the will is to be considered in the light of the conditions and circumstances existing *at the time the will was made." Trust Co. v. Waddell, supra; Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578; *In re Will of Johnson,* 233 N.C. 570, 65 S.E. 2d 12; *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356; *Scales v. Barringer,* 192 N.C. 94, 133 S.E. 410; *Raines v. Osborne,* 184 N.C. 599, 114 S.E. 849; *Herring v. Williams,* 153 N.C. 231, 69 S.E. 140.

In *Smyth v. McKissick, supra,* David Hutchinson Smyth was adopted some four years prior to the death of the testator, and there was nothing in his will to indicate that he intended to exclude an adopted child.

Likewise, in *Bradford v. Johnson, supra,* Marion F. Wyatt, Jr., was adopted more than fourteen years prior to the death of the testator and the will contained no provisions that would indicate an intention to exclude an adopted child of any niece or nephew.

We construe the provisions of the last will and testament of Gay Green, however, to indicate an intention to limit the beneficiaries of his estate to those of his blood.

It would be difficult indeed to understand why the testator limited the benefits under both Trusts established by his will, except for certain life beneficiaries, to his niece Marion Green Johnston, his nephew, Ottis Green, Jr., and the children of Marion Green Johnston, and to such children as should thereafter be born to either his niece or nephew, if he intended that an adopted child should share in the final distribution of the *corpus* of the estate.

It is true that paragraph 4, Item X of the testator's will calls for the distribution of the *corpus* of the Trust when terminated to "be paid and

delivered, share and share alike, to the children of Marion Green Johnston and the children of Ottis Green, Jr." Nevertheless, we hold that the word "children," as used in paragraph 4, Item X, means children as described in the other parts of his will, to wit: children born to either his niece or nephew.

It is a well settled rule of testamentary construction that "if it is apparent that in one use of a word or phrase a particular significance is attached thereto by the testator, the same meaning will be presumed to be intended in all other instances of the use by him of the same word or phrase." *Carroll v. Herring,* 180 N.C. 369, 104 S.E. 892; *Taylor v. Taylor,* 174 N.C. 537, 94 S.E. 7; *Grandy v. Sawyer,* 62 N.C. 8; *Lockhart v. Lockhart,* 56 N.C. 205; *Gibson v. Gibson,* 49 N.C. 425; 57 Am. Jur., Wills, section 1152, page 750, and cited cases; 69 C.J., Wills, section 1131 (2), page 77.

Furthermore, if the intent of the testator may be ascertained from a consideration of his will from its four corners, extrinsic evidence is not admissible for the purpose of overruling the intent expressed therein. *Reynolds v. Trust Co.,* 201 N.C. 267, 159 S.E. 416; *Kidder v. Bailey,* 187 N.C. 505, 122 S.E. 22; *Williams v. Bailey,* 178 N.C. 630, 101 S.E. 105; *McDaniel v. King,* 90 N.C. 597.

The conclusions we reached on the former appeal, together with the views expressed herein, lead us to the conclusion that the rulings of the court below were correct.

The judgment of the court below is

Affirmed.