C. L. ANDERS AND VALERIE F. COOKSEY v. CARL R. ANDERSON, BAR-
BARA ANDERSON, CHARLES ANDERSON, JACK ANDERSON, VIR-
GINIA STACKHOUSE, LUTHER B. ANDERSON, PAULINE ANDER-
SON, OAKLEY ANDERSON AND WYNONA ANDERSON, J. WORTH
TAYLOR, CLIFFORD TAYLOR, J. P. TAYLOR, MILDRED T. FAIR-
CHILD, A. B. HOLLINGSWORTH, WIDOWER, MAX ANDERS, GERALD
ANDERS, SARAH ANDERS, JAMES COOKSEY, JR., BETTY COOKSEY,
WALTER COOKSEY, PATRICIA COOKSEY, BY HER GUARDIAN AD LITEM,
JAMES O. ISRAEL, JR.

(Filed 10 April, 1957.)

1. **Wills § 33a—**

The rule that a devise in fee will not be defeated or limited by a subse-
quent portion of the will expressing a wish or desire for the disposition
of the property after the death of the devisee, is applicable only when the
devise is in fee, unconditionally, and the subsequent clause uses words
which are merely precatory.

2. **Same—Word "want" as used in devise in this case held imperative
rather than precatory.**

Where testatrix uses the word "want" in disposing of realty to her
father, brother and sister, and the word "want" in regard to her husband
having a home there as long as he wished to live with her people, and the
word "want" in stating that after her father's, brother's, and sister's
deaths, she wanted the property to go to her nieces and nephews, all in the
same sentence, the word "want" must be given the same meaning each
time used and is imperative rather than precatory. Therefore, the father,
brother and sister take no more than a life estate, terminable upon the
death of the last survivor of these three, subject to the exclusive right of
the husband to occupy the house, at least during the continuance of the
life estates.

3. **Wills § 31—**

If words are used in one part of the will in a certain sense, the same
meaning must be given them in another part of the will, unless a contrary
intent appears, certainly when an identical word is used repeatedly in a
single sentence.

4. **Same—**

The use of a dispositive phrase does not preclude a testator from limiting
it by subsequent language, since the whole of the pertinent provision must
be construed from its four corners to ascertain the intent of testator, and
when the dispositive phrase is linked with a subsequent provision by the
conjunctive "and," the use of the word "and" in itself shows that some-
thing is to follow in relation, addition to, or in connection with, the original
disposition.

5. **Same—**

When it is obvious that testatrix was not attempting to use words in
their technical sense, they must be given their natural, ordinary and popu-
lar meaning.

**6. Appeal and Error § 1—**

> Ordinarily, the Supreme Court will not consider questions not passed upon in the court below.

APPEAL by plaintiffs from *Clarkson, J.*, Regular October Term, 1956, of BUNCOMBE.

Plaintiffs' appeal is from a judgment construing the duly probated *holographic* will of Mrs. Virginia Taylor Hollingsworth.

Mrs. Hollingsworth died 13 May, 1954. A sister, Lottie Anders Anderson, had predeceased her. She was survived by a brother, plaintiff C. L. Anders; a sister, plaintiff Valeria F. Cooksey; her father, A. B. Anders; her husband, A. B. Hollingsworth; and by sixteen nieces and nephews, the children of her said brother and sisters.

The will discloses that the testatrix executed her will 7 July, 1953, when 51 years of age. She did not appoint an executor. On 24 May, 1954, her husband qualified as administrator *c. t. a.*

The controversy relates solely to real property, to wit, a 12-acre tract, on which two houses are located, referred to in this portion of the will, viz.:

"2. I want my property to go to my father, brother, and sister, and I want my husband, A. B. Hollingsworth to have a home as long as he wishes to live with my people, and should he, my husband, outlive my father, brother and sister, I want it to be divided among my nieces and nephews, and I want my people to settle with the Taylor children as they see fit, or give them the land from the branch up the hill to Herman Taylor's property, and when my husband gets through with the house we now occupy I want my sister to have it till her death, and then, after my sister's, brother's, and father's death, I want it to go to my nieces and nephews."

Until her death, the testatrix and her husband had lived in the 6-room house on said 12-acre tract; and since her death her husband has continued to live there. The plaintiffs, "with their families," lived and now live in the 4-room house on said 12-acre tract.

Originally, A. B. Hollingsworth was the sole defendant; and the controversy posed by the complaint presented two questions, (1) whether A. B. Hollingsworth was entitled to occupy the 6-room house as long as he saw fit to do so, and (2) whether plaintiffs were legally entitled to cultivate some four acres of said 12-acre tract, apparently the only portion thereof suitable for cultivation.

After Hollingsworth had filed answer, and upon motion of plaintiff Anders, twenty persons were made additional parties defendant. Four, J. P. Taylor, Mildred Fairchild, Clifford Taylor and J. Worth Taylor, identified as "the Taylor children," filed a joint answer. A separate answer was filed by Luther B. Anderson, "in his own behalf and in

behalf of his brothers and sisters," they being the nine children of Lottie Anders Anderson, the deceased sister of testatrix. A separate answer was filed by James O. Israel, Jr., Guardian *Ad Litem* for Patricia Cooksey Ammerson, a minor, one of the four children of plaintiff Cooksey. The other three children of plaintiff Cooksey, and the three children of plaintiff Anders, were duly served with process but filed no pleadings.

The parties stipulated that the action be treated as an action for a declaratory judgment for the construction of the will.

Implementing the court's interpretation of the will as set forth in the recitals, Judge Clarkson, in judgment entered, Ordered, Adjudged and Decreed:

"1. That the real property of the testatrix according to paragraph 2 of her said will be, and the same is, vested in C. L. Anders, brother of the testatrix, and Valerie F. Cooksey, sister of the testatrix, for and during the term of their natural lives.

"2. That upon the death of the survivor of C. L. Anders and Valerie F. Cooksey said real estate shall go and descend to all of the nieces and nephews of the testatrix living at the death of the said testatrix, and being named in this proceeding, namely: (the said sixteen nieces and nephews of the testatrix).

"3. That the said A. B. Hollingsworth, surviving spouse and widower of the late Virginia Taylor Hollingsworth, testatrix be, and he is hereby granted under said will the right to have a home and occupy the six-room residence on the property of the testatrix as long as he desires to live there, and upon his ceasing to live there and abandoning said property as a home all his right, title and interest therein shall also cease.

"4. That J. Worth Taylor, Clifford Taylor, J. P. Taylor and Mildred P. Fairchild have no interest whatever in the real estate of the said testatrix for the reason that the reference to them in said will is too indefinite for the Court to construe so as for them to receive any interest under said last will and testament, the reference to them being merely precatory."

Plaintiffs excepted to the court's interpretation of the will and to each of paragraphs 1, 2 and 3 of the judgment, and appealed, basing their assignments of error on said exceptions. The said "Taylor children" did not except or appeal. Appearing in this Court as appellees are: (1) A. B. Hollingsworth, represented by separate counsel, who filed a separate brief in his behalf; and (2) the nine children of Lottie Anders Anderson, the deceased sister of the testatrix, represented by separate counsel, who, jointly with James O. Israel, Jr., Guardian *Ad Litem* for Patricia Cooksey Ammerson, filed a separate brief.

*Robert S. Swain, Earl J. Fowler, and Williams & Williams for plaintiffs, appellants.*

*George Pennell and Wade Hall for defendant Hollingsworth, appellee.*

*Paul J. Smith for defendants Carl R. Anderson, Barbara Anderson, Charles Anderson, Jack Anderson, Virginia Stackhouse, Luther Anderson, Pauline Anderson, Oakley Anderson, and Wynona Anderson, appellees.*

*James O. Israel, Jr., for defendant Patricia Cooksey, appellee.*

BOBBITT, J. The provision of Mrs. Hollingsworth's will to be construed is a *single* sentence. Deleting the clauses referring to "the Taylor children," the testatrix *wrote* these words:

"I *want* my property to go to my father, brother, and sister, and I *want* my husband, A. B. Hollingsworth to have a home as long as he wishes to live with my people, and should he, my husband, outlive my father, brother and sister, I *want* it to be divided among my nieces and nephews, . . . and when my husband gets through with the house we now occupy I *want* my sister to have it till her death, and then, after my sister's, brother's, and father's death, I *want* it to go to my nieces and nephews." (Italics added.)

The question for decision is whether the testatrix devised the said 12-acre tract to her father, brother and sister, in fee simple, unconditionally. If so, it must be held that her references to her husband and to her nieces and nephews have no meaning of legal significance.

Plaintiffs' position is based largely upon the rule stated by *Stacy, C. J.,* in *Barco v. Owens,* 212 N.C. 30, 192 S.E. 862, as follows:

"The general rule is, that where real estate is devised in fee, or personalty bequeathed unconditionally, a subsequent clause in the will expressing a wish, desire, or direction for its disposition after the death of the devisee or legatee will not defeat the devise or bequest, nor limit it to a life estate. (Citations) Conditions subsequent, in the absence of compelling language to the contrary, are usually construed against divestment. (Citations) The absolute devise is permitted to stand, while the subsequent clause is generally regarded as precatory only. (Citations)" Also, see *Brinn v. Brinn,* 213 N.C. 282, 287, 195 S.E. 793; and *Taylor v. Taylor,* 228 N.C. 275, 45 S.E. 2d 368.

The rule stated contemplates a devise in fee, unconditionally, and a subsequent clause containing *precatory words.* See *In re Estate of Bulis,* 240 N.C. 529, 82 S.E. 2d 750.

If the word "want" were construed as used in its precatory sense, the entire sentence now under consideration would be void as a dispositive provision. The testatrix, in her said writing, declares it to be her last will and testament; and it is obvious that the word "want" expresses her will and intention and must be treated as imperative

rather than precatory. *Laws v. Christmas*, 178 N.C. 359, 100 S.E. 587; *Welch v. Rawls* (Tex.), 186 S.W. 2d 103.

The rule is stated in 1 Page on Wills, Lifetime Edition, sec. 91, as follows: "The test is whether or not testator intends, by his language, to control the disposition of his property. If he does, the words in question are testamentary and the instrument is his will, no matter in how mild a form this intention is expressed. Such terms are often said to be mandatory. Or, on the other hand, is he simply indicating what he regards as a wise disposition, or is he merely giving advice, leaving to some other person, frequently the person to whom the property in question is given by some other provision of the instrument, full discretion to ignore such advice and to make a different disposition of the property. If so, it is not a will. Terms of this sort are often said to be precatory."

This rule is not challenged, for all parties claim under the will. It is stated to give emphasis to the fact that the dispositive word under which plaintiffs claim is the identical dispositive word under which the husband and the nieces and nephews claim.

*Allen, J.*, in *Taylor v. Taylor*, 174 N.C. 537, 539, 94 S.E. 7, calls attention to the rule that "if words are used in one part of the will in a certain sense, the same meaning is to be given to them when repeated in other parts of the will, unless a contrary intent appears." *Trust Co. v. Green*, 239 N.C. 612, 619, 80 S.E. 2d 771, and authorities cited. *A fortiori*, this applies when the identical word is used repeatedly in a single sentence.

And *Seawell, J.*, in *Williamson v. Williamson*, 232 N.C. 54, 59 S.E. 2d 214, reminds us that dispositive power does not go out of the testator "step by step as the words are spoken," but that the whole of the pertinent provision must be construed from its four corners to ascertain the intent of the testator. *A fortiori*, this applies when the pertinent provision consists of a single sentence.

"In its conjunctive sense," the word "and" derives "its meaning and force from what comes before and after"; and it is used "to conjoin a word with a word, a clause with a clause, or a sentence with a sentence, expressing the relation of addition or connection, and signifying that something is to follow in addition to that which precedes, . . ." 3 C.J.S., p. 1067; *Oliver v. Oliver*, 286 Ky. 6, 149 S.W. 2d 540.

We do not have here a devise to the father, brother and sister in fee simple, unconditionally, with a subsequent clause or provision purporting to limit the fee by the use of precatory words. Rather, the single sentence, as a whole and each part thereof, must be considered to determine the nature and extent of the devise to the father, brother and sister of the testatrix. *Trust Co. v. Wolfe*, 245 N.C. 535, 537, 96 S.E. 2d 690.

Our task then is to ascertain the intent of the testatrix. *Trust Co. v. Wolfe,* 243 N.C. 469, 473-474, 91 S.E. 2d 246. We have stated the only facts disclosed by the record as to the "circumstances attendant" at the time the testatrix made her will. It is obvious that the testatrix possessed no skill in the art of drafting wills. She did not attempt to use technical words. Rather, she used "simple conversational words," which must be given "their natural, ordinary or popular meaning." 95 C.J.S., Wills sec. 599; *Trust Co. v. Waddell,* 237 N.C. 342, 75 S.E. 2d 151.

When the pertinent sentence is construed in the light of the foregoing facts and rules of law, we think it plain that the testatrix intended that her beneficiaries should be (1) her father, brother and sister, (2) her husband, and (3) her nieces and nephews. Significance must be given to her dominant purpose. *Trust Co. v. Wolfe,* 245 N.C. 535, 537, 96 S.E. 2d 690.

We think it plain that the testatrix intended that her husband should have the exclusive right to occupy the 6-room house as long as he saw fit to do so during the lifetime of the father, brother or sister of the testatrix. Whether, in the event he *outlived* her father, brother and sister, this right continued throughout the husband's life, as determined by the judgment below, need not be considered; for only the nieces and nephews would be affected adversely by that portion of the judgment and they did not appeal therefrom.

When we consider the respective interests of the plaintiffs and the nieces and nephews, candor compels the admission that the testatrix did not express her meaning in "well chosen words." However, the uncertainty caused by the inept language is not as to *whether* she wants her property "divided among" or "to go to" her nieces and nephews, but rather as to *when* this event will occur. When considered in this light, we agree with the construction of the court below, namely, that she devised to her father and surviving brother and sister no more than a life estate, terminable upon the death of the last survivor of these three, which life estate is subject to the aforesaid rights of A. B. Hollingsworth, her husband.

In our view, the intent of the testatrix was that her property should go to her nieces and nephews as the ultimate beneficiaries under her will; and that she wanted her father and surviving brother and sister to have the property on which they were living available for their use as long as they or either of them lived, subject to her husband's rights in respect of said 6-room house. It is noteworthy that the nieces and nephews of the testatrix included the children of the sister who had predeceased her.

One of the questions originally posed, namely, whether plaintiffs are legally entitled to cultivate some four acres of said 12-acre tract, was

not passed upon in the court below. Hence, especially in the absence of relevant facts, we do not pass upon it here. *Collier v. Mills*, 245 N.C. 200, 95 S.E. 2d 529.

Affirmed.