SUSAN KING and others v. ANTHONY DAVIS, Ex'r, and others.

*Adoption of Children— Wills—Parent and Child.*

1. The provision in Battle's Revisal, ch. 1, § 3, allowing children to be adopted and to inherit as children born in wedlock, only has reference to cases of the intestacy of the person standing *in loco parentis.*

2. Where, prior to the issuing of such letters of adoption, the party adopting made his will bequeathing certain property to the child afterwards adopted; *Held* that such bequest takes the case out of the statute providing for after-born children. Rev. Code, ch. 119, § 29.

3. If any provision is made for an after-born child, the court cannot say that it is inadequate. The statute only applies when no provision at all has been made.

4. Whether the adoption creates the parental relation only from the date of the order, or whether the statute is retroactive and establishes the relation of parent and child from the birth of the child—*quære.*

(*Meares* v. *Meares*, 4 Ired., 192, cited and approved.)

SPECIAL PROCEEDING for an account, &c., commenced before the clerk, and heard at Spring Term, 1884, of LENOIR Superior Court, before *Shepherd, J.*

Richard W. King died on March 7th, 1883, leaving a will bearing date in August, 1880, with a codicil annexed made on October 27th, 1881, which have been duly proved as such, and letters testamentary issued to the defendant, Anthony Davis, the sole surviving executor therein named. In the 11th clause of the will the testator, to the defendant Richard Taylor, then an infant and illegitimate child of one Mary E. Taylor, devises a tract of land consisting of 240 acres, more or less, for life, and if he die leaving heirs of his body him surviving, the remainder to them in fee; and if none such, then to the children of Mary Ann Hunter and Sophia C. West.

In the next clause he gives to his executor, Anthony Davis, in trust for said Richard Taylor, the sum of $500 to be used in his education and the residue not expended to be paid over to him on his attaining the age of twenty-one years, with limitations over similar to those connected with the devise, should he die before reaching majority and leave no heirs of his body.

On the 25th day of October, 1882, application was made by said Richard W. King, the said Mary E. Taylor the mother, and the said Richard Taylor, under the act of March 3rd, 1873, Bat. Rev., ch. 1, for the adoption of the said infant by the said Richard W. King for the life of said Richard Taylor, and judgment was accordingly so rendered in favor of the petitioner in form as follows:

" Upon reading the foregoing petition, the court doth declare that the facts set forth in the said petition are true, and it is therefore decreed that the name of the said Richard Taylor be, and the same is hereby changed to Richard King.

And it further appearing that the said Richard W. King is a proper and suitable person, the adoption prayed for in said petition is hereby sanctioned and allowed, and it is

ordereb that letters of adoption of the said Richard Taylor be granted and issued to the said Richard W. King, and that the said Richard Taylor be, and is hereby declared to be the legitimate child of the said Richard W. King, in pursuance of sections 7 and 8 of chapter 9 of Rattle's Revisal, and this order shall have the effect forthwith to establish the relations of parent and child between the said Richard W. King and the said Richard Taylor for the life of the said Richard Taylor with all the duties, powers and rights belonging to the actual relationship of parent and child, and should said Richard W. King die intestate, said Richard Taylor shall inherit the real estate and be entitled to the personal estate of the said Richard W. King in the same manner and to the same extent, said Richard Taylor would be entitled to, if he had been the actual lawful child of the said Richard W. King.

It is further ordered that this order be recorded in the office of the clerk of the superior court of Lenoir county aforesaid, this 25th day of October, 1882.

W. W. N. HUNTER,
Superior Court Clerk."

This judgment rendered by the clerk was submitted to the judge and endorsed with his approval.

It embodies the provisions of the statute in declaring the legal effect of the adoption as set out more especially in the sections referred to in the decree.

In the Revised Code, ch. 119, § 29, it is provided that: "Children born after the making of their parent's will, and whose parent shall die without making any provision for them, shall be entitled to such share and portion of said parent's estate, as if he or she had died intestate."

The present suit, at the instance of the other legatees, is instituted against the executor and the said Richard Taylor, or King as his name now is, for a general settlement of the

testator's estate and the payment of the legacies, there being no debts of the estate to be paid and no necessity for the retention of the funds in the hands of the executor.

The executor submits to an account while the defendant Richard represented by his guardian, insists that he is entitled to the entire estate, real and personal, except the portion to which the widow of the testator is entitled, and this by virtue of the statute last referred to, and his adoption after the making of the will, placing him in the same relation towards the testator as an after-born child would be, the birth and adoption being equivalent in their legal consequences.

The clerk rejected this claim and adjudged that the said Richard could only claim the property given him in the will, and upon appeal this ruling was affirmed by the judge who rendered judgment that the executor pay over and deliver to the plaintiffs or to the guardian of such as are infants, the legacies bequeathed to them in the will. From this judgment, the defendant Richard appeals to this court.

*Mr. George Davis*, for plaintiff.
*Messrs. Strong & Smedes* and *John Devereux*, for defendant.

SMITH, C. J., after stating the above. The sole question before us, and the only one discussed in the opposing contentions of counsel is, whether the adoption has the effect ascribed to it, and if so, whether the said Richard Taylor or King, can treat, as a nullity, the devise and bequest made to him, while illegitimate, and bring himself within the scope of the statute as if he were an after-born legitimate child of the testator, unprovided for.

The statute which authorises the proceeding for the legitimation of children born and begotten out of wedlock, by the putative parent, establishes their personal relations and con-

fers a capacity to inherit and share in the distribution of the personal estate, and this is in the form of the decree.

It declares such adoption, when for life, shall have the effect " if the petitioner die intestate, to enable such child to inherit the real estate and entitle it to the personal estate," as if such child had been legitimate at its birth.   Section 3 of ch. 1.

Language almost identical is employed in chapter 9, section 8, in describing the consequences of legitimation.

It shall " impose upon the father all-the obligations which fathers owe to their lawful children," and it shall enable the child to inherit from the father only his real estate, and also " entitle such child to the personal estate of his father " in the same manner as if such child " had been born in lawful wedlock."

These provisions obviously look to an intestacy, and have no reference to cases in which property is disposed of by will.

But the appellant invokes the aid of the statute which admits to a share of the testator's estate an after-born child who has not been provided for in the will, treating adoption as a legal birth, and rejecting the gifts in the will because they are bestowed on a *stranger* and not on the testator's own offspring, and hence it is urged they are not a *provision for a child.*

The argument is unsubstantial, and we cannot give it our approval.   The devise and bequest are personal to the infant, and are no less his because of his adoption and change of name.   His identity remains, and he may claim the land and money just as much as if the action in regard to his adoption had not taken place.   He is not therefore in the condition of a child unprovided for, and, if permitted to claim under this enactment, he would occupy a better position than a lawful after-born child, since he could thus take the benefit of the provision in the will on his be-

half and share also in the rest of the estate.   Neither is this
a case of election, since, if provided for at all, he is excluded
from the rest of the testator's estate.   It savors of refine-
ment to say that, *as legitimate,* he sets aside the will *pro tanto,*
and, as *illegitimate,* he accepts what is given to him in it,
thus presenting himself in a double aspect towards the
estate.

Again, the argument is pressed that the " provision " was
intended to be substantial and bear some proportion to the
value of the estate, and not as in this case, the testator's
estate being large and valuable, illusory merely.

We cannot undertake, when any provision is made, to
say that it is inadequate, since of this the testator must be
the judge, and the statute comes in only when no provision
at all has been made.

This construction is put upon the statute in *Meares* v.
*Meares,* 4 Ired., 192, cited by counsel, in which RUFFIN, C.
J., says: " The statute only provides for a case where the
parent dies without having made provision for the child ;
which means, without having made *any provision.*   For the
act does not mean to judge between the parent and child as
to the adequacy of the provision he may choose to make;
but only to supply his accidental omission to make any,
and, in doing that, the rules of the statute of distributions
and descents are adopted, because there is no other.

It may be further observed that the testator, having made
his will, chose to let it remain as it was previous to the
adoption of his natural as his lawful son, while, if disposed,
he would at any time have made alterations and more lib-
eral provisions for the beneficiary, but he has seen fit to let
it speak his intentions concerning the disposal of his large
estate down to his death, and so it must stand and be ad-
ministered in the form in which it came from his hands.

We have avoided the expression of an opinion as to the
effect of legitimation, whether as operating on the parental

relation thereafter, or as producing the same effect upon the infant's status as if he had been born in wedlock, the statute operating retrospectively also; because the decision of the point is not necessary in passing upon the matter presented in the appeal.

The counsel have been able to furnish us with no adjudication, nor have we been able to find one bearing upon the point discussed, and we have without such aid placed what seems to us a fair and reasonable construction upon the statute.

There is no error, and as the details of the account which it may become necessary to state in the distribution of the estate in the executor's hands can be more conveniently managed in the court below, the cause will be remanded, and it is so ordered.

No error.                    Affirmed and remanded.