S. C. TAYLOR v. R. Q. BROWN.

(Filed 18 March, 1914.)

1. Wills—Intent—Construed as a Whole.

In construing a will, the primary purpose is to ascertain the intention of the testator, from the will as a whole, giving effect to every part thereof when it is possible.

2. Same—Estates—Debts—Limitations—Executors and Administrators.

A devise and bequest in the first item of a will of all the testator's real and personal property to his wife, and in item 4 thereof "that after the death of the widow . . . all of the property then left after having paid her burial expenses shall be equally divided between all of my children," and it appearing that the widow died intestate without having disposed of any of the property: *Held*, items 1 and 4 of the will are consistent and should be construed together, and the intent of the testator gathered therefrom was to provide for the widow for life, and an equal distribution of the property among the testator's children at her death, not subject to the debts of the first taker, except her funeral expenses, specifically provided for. As to whether the widow took a life estate or determinable fee, *quære*.

APPEAL by defendant from *Whedbee, J.,* at the February Term, 1914, of DUPLIN.

Civil action heard upon the following case agreed:

It is stipulated and agreed between the plaintiffs and defendants that this action be submitted to his Honor, H. W. Whedbee, judge presiding, a jury trial having been waived, upon the petition of the plaintiffs and the answer of the defendants and the facts agreed as hereinafter set out, towit:

1. That Isham U. Taylor, at the time of his death, was domiciled in North Carolina, and was at his death the owner of the land described in plaintiffs' petition.

2. That the said Isham U. Taylor, on 28 February, 1894, executed his last will and testament, which upon his death was propounded for probate, was duly proven and recorded in record of wills, book 4, page 448, in the office of the clerk of the Superior Court of Duplin County, which said last will and testament is in the following words and figures, towit:

In the name of God, Amen.   I, Isham U. Taylor, being of sound mind and memory, and having the fear of God and the love of my family before me, do make and declare this to be my last will and testament, that is to say, as follows:

ITEM 1.  I will to my wife, Elizabeth Taylor, all of the property I die possessed of, including land, horses, cattle, household and kitchen furniture, money, notes, etc.

ITEM 2.  I desire that all my debts, funeral expenses, and all other expenses shall be paid out of my property.

ITEM 3.  I hereby appoint and designate my son Luther my lawful executor, with full power to sell enough of my property to pay off all just debts and expenses, and to look after the property of the widow, Elizabeth Taylor; to collect all rents for her, and to attend to her business generally.

ITEM 4.  I also will that after the death of the widow, Elizabeth Taylor, that all of the property then left after having paid her burial expenses shall be equally divided between all of my children.                                        I. U. TAYLOR.

28 February, 1894.

Witnesses:

    F. J. LAMBERT.

    D. M. MCINTIRE.

3. That Elizabeth Taylor, the widow of Isham U. Taylor, died in Wayne County, North Carolina, about 8 January, 1913, without having conveyed, either by deed or will, the land described in the petition.

TAYLOR v. BROWN.

4. That R. Q. Brown qualified as administrator of the estate of Elizabeth Taylor, before the clerk of the Superior Court of Wayne County, by taking the oath and giving the bond required by law, on 22 April, 1913.

5. That the said Elizabeth Taylor left some debts and obliga-. tions at her death, including $70 burial expense, and said administrator contends that her personal estate is not sufficient to discharge the same, which is left an open question.

6. That the following named children were born to the said Elizabeth Taylor by her marriage with the said Isham U. Taylor, towit: George L. Taylor, Isham Taylor, John H. Taylor, Mrs. Della McCullen, the plaintiffs W. R. Taylor, S. C. Taylor, and the defendant Florence Brown, and the said children above named are the only heirs at law of the said Elizabeth Taylor. That in addition to the above named children of Isham U. Taylor, there was born to him, by a former marriage, the following children, towit: B. F. Taylor, James W. Taylor, Cenus Taylor, Buck Taylor, Luther Taylor, and Mrs. Emma McCullen, who, together, with the children born to the said Isham U. Taylor by his marriage with the said Elizabeth Taylor, above named, are the heirs at law of the said Isham U. Taylor.

7. It is agreed by and between the parties hereto that the allegations in the petition and answer in regard to the interest of the respective parties in the land shall not be binding upon the respective parties, but that the same will be reformed in accordance with the opinion of the Supreme Court in the construction of the will, should such construction make it necessary to reform them in any respects mentioned.

Upon the foregoing facts, the plaintiffs contend that under the will of Isham U. Taylor, Elizabeth Taylor took only a life estate, with power to dispose of the same in her lifetime, and that the remaining fee went to all the children of Isham U. Taylor at the death of Elizabeth Taylor, his wife, subject to the charge of $70 funeral expenses.

The defendants contend that under said will Elizabeth Taylor took a fee-simple estate, and that same descended to the heirs at law of Elizabeth Taylor, subject to her debts. It is therefore

agreed between the plaintiffs and defendants that judgment may be rendered upon the foregoing statement of facts by his Honor, H. W. Whedbee, out of term and out of county, as of the January Term, 1914, of the Superior Court of Duplin County; and that from any judgment which he may render herein, either party may except and appeal to the Supreme Court in the same manner as if the said judgment was rendered in term.

Upon the case agreed, his Honor rendered the following judgment:

This cause coming on to be heard upon the foregoing state of facts agreed to by counsel for both plaintiffs and defendants, and the court being of the opinion that the land in controversy descended to all of the thirteen children of Isham U. Taylor, subject to charge of $70, the agreed amount of the funeral expenses of the said Elizabeth Taylor, and it being admitted that the plaintiff, S. C. Taylor, has by deed acquired the interest of all children of Isham U. Taylor, except W. R. Taylor and Florence Brown:

It is thereupon ordered, adjudged, and decreed by the court that S. C. Taylor is the owner of 11/13 interest in the land, subject to the payment of 11/13 of $70 to the administrator of Elizabeth Taylor for her burial expenses, and that W. R. Taylor is the owner of 1/13 undivided interest in said lands, subject to the payment of 1/13 of the burial expenses of said Elizabeth Taylor, towit: 1/13 of $70, and that defendant Florence Brown is the owner of a 1/13 undivided interest in said lands, subject to the payment of 1/13 of the burial expenses of said Elizabeth Taylor, towit, 1/13 of $70.

Let this cause be remanded to the clerk to determine whether an actual partition of the said lands can be had without injury to the parties in interest. Let each party pay cost in proportion to their interest.        H. W. WHEDBEE,

*Judge Presiding.*

To the foregoing judgment defendants except, and appeal to the Supreme Court.

*Stevens & Beasley for the plaintiff.*
*A. S. Grady and H. D. Williams for defendant.*

BROWN, J.   This contest is between the children of Isham U. Taylor, who are seeking to partition the lands among themselves, and the administrator of the said Elizabeth Taylor, who seeks to subject the land to the payment of debts, contracted by Elizabeth Taylor in her lifetime, other than funeral expenses.

It is admitted that Elizabeth Taylor made no disposition or conveyance of any kind of the lands in controversy during her lifetime, and, therefore, it is unnecessary to determine whether she took a life estate under the will or a determinable fee. Under these circumstances, if she did not take a fee simple, the limitation over vested the title at her death in the children of the testator under the fourth paragraph of her will. It is elementary that a will must be so construed as to effectuate the evident intent of the testator. *Lynch v. Melton,* 150 N. C., 595; 27 L. N. S., 773; *Fellowes v. Durfey,* 163 N. C., 305. The primary purpose is to ascertain the intention of the testator from the language used by him, taking the will as a whole, and not separate parts of it.

It is manifest from the context of this will that the testator did not intend to give his wife an absolute estate in his lands under the first clause of his will; otherwise the words used in the fourth clause would be meaningless and unnecessary. It is the duty of the courts in construing a will to give effect to every part of it, if possible.

The testator's children were evidently in his mind when he made his will, and were as much the objects of his bounty as his wife. He evidently intended to provide for the care of his wife as long as she lived and then that his children should share his estate between them.

It is contended that by use of the words in paragraph 4, "that all of the property *then left* after paying her burial expenses shall be equally divided among all of my children," testator gave to the widow a *jus disponendi,* both as to lands and personalty, and that such right is inconsistent with any other estate than an absolute one, and enlarges her estate into a fee.

165—11

This subject was very thoroughly threshed out in the case of *Herring v. Williams,* 158 N. C., 1, and it was there held that a devise and bequest to A. of real and personal property to have and to hold during the term of her natural life, and at her death the said property or so much thereof as may be in her possession at the time of her death is to go to B., her heirs and assigns forever, gave A. only a life estate in the lands, with remainder to B. in fee.

It was further held the words, "or so much thereof as may be in her possession at the time of her death," referred to personal property only, and not to the realty, which is of a permanent nature.

In the present case the question as to whether the widow had any power to sell the land and convey it in fee, provided she exercised it during her life, does not arise, for she never attempted to exercise it. A case which bears strongly upon the one under consideration is *Smathers v. Moody,* 112 N. C., 791.

John Leatherwood made a will giving and bequeathing to his wife four tracts of land, some negroes, cattle, household and kitchen furniture, etc. "At her death they shall descend to and become the property of my three blind sons, towit, Edwards, Elias, and Jason, to be equally divided between them for their support; to be managed for them by my executor. In case one of them should die, then said property with its increase shall descend to and become the property of the other two; in case two of them shall die, then the aforesaid property shall inure and become the property of the remaining one; at his death all the *property that remains* I will to be sold by my executor to the best advantage, and the moneys arising from said sale shall be equally divided among all my grandchildren of whatever name."

It was contended that the will gave the sons a general estate with a power of disposition, and, therefore, they had a fee-simple estate in the lands, and in a contest between the administrator and parties representing the survivor of the three blind sons it was held by the Court that they had but a life estate. The Court says: "We think it very plain that the testator's intention was that upon the happening of this event—the death of the last

survivor of the three blind sons—all the property committed by him to his executor for their support, the land and as much of the personal property as had not been consumed or lost, should be sold then for division as above stated." *Smathers v. Moody,* 112 N. C., 791.

It is contended that the fourth item of Isham Taylor's will is inconsistent with the first. We think that both items are entirely consistent and reflect clearly the intention of the testator to provide for both his widow and children; but if they were inconsistent, there is no reason to strike out the fourth item.

It is generally held that if two clauses in a will are entirely inconsistent, one with the other, that the latter must prevail, upon the principle that the first deed and the last will must stand. But to produce this effect, however, the two clauses must be wholly inconsistent and incapable of reconciliation. If this can be reconciled, they both can stand—upon the principle that every part of a will shall have some effect given to it. *Baird v. Baird,* 42 N. C., 266; 40 Cyc., 1417.

We have examined with care the cases cited in the brief of the learned counsel for defendants, and we do not think any of them conflict with the construction we have placed upon the will of Isham Taylor, and we do not deem it necessary to review them.

The judgment of the Superior Court is
Affirmed.