CARO SORRELL ET AL. v. RACHEL MARIE SORRELL ET AL.

(Filed 30 March, 1927.)

**1. Wills—Parent and Child — After-born Child — Statutes—Insurance, Life.**

Where a child is born after the father has made a will, and no provision for the child is therein made, the mere fact that the father insured his life for the benefit of the child is insufficient to show the purpose of the testator to make provision in this way for the after-born child, and the latter will share in the estate of his father under the provisions of our statute, C. S., 4169.

**2. Parent and Child—Adopted Child—Statutes—Descent and Distribution—Wills—Testacy.**

Where the petitioner adopts a child for life, C. S., 185, the latter is not entitled to share in the personal estate by virtue of the adoption alone, when the adopting parent has died testate.

**3. Wills—Parent and Child—After-born Child—Adoption of Child—Revocation—Statutes.**

The subsequent birth of a child or the adoption of one under our statute, does not revoke the will of the father, C. S., 4135, as in case of subsequent marriage, C. S., 4134.

APPEAL by defendants from *Cranmer, J.,* at November Term, 1926, of HARNETT.

From a judgment on the pleadings in favor of plaintiffs the defendants appeal, assigning errors.

*Clifford & Townsend for plaintiffs.*
*Mack M. Jernigan for defendants.*

STACY, C. J. The material facts alleged in the complaint, which are admitted, or not denied by the answer, are as follows:

1. On 2 August, 1910, A. L. Sorrell, a resident of Harnett County, made a will in which he devised and bequeathed all of his property, real and personal (valued at $40,000), to his wife, Caro Sorrell, save and except a small tract of land conditionally devised to Ernest Ennis.

2. At the time of the execution and publication of the will aforesaid, the testator and his wife had no children.

3. On 31 December, 1913, by regular proceedings in Harnett Superior Court, the infant defendant, Rachel Marie Sorrell, was duly adopted for life as the daughter of the testator and his wife.

4. Thereafter a child was born to the testator and his wife, said child, John Collier Sorrell, being at present about three years of age and a defendant in this cause, duly represented by guardian.

5. On 5 July, 1923, immediately after the birth of John Collier Sorrell, the testator caused two policies of insurance to be issued on his life; the one in the sum of $2,500 for the benefit of his adopted daughter, and the other in a like sum for the benefit of his infant son, each policy containing a double indemnity clause in the event of assured's death by accident.

6. The testator, A. L. Sorrell, died on 30 June, 1926, as the result of an accident, and the sum of $5,000 on each policy was paid to the guardian of said children for their benefit.

Upon these, the facts chiefly pertinent, two questions arise: First, as to whether the procurement by A. L. Sorrell of a policy of insurance for $2,500, with double indemnity in case of his death by accident, payable to his infant son as sole beneficiary, was such a "provision" for said son as to exclude him from sharing in his father's estate under C. S., 4169, it appearing that no provision was made for the after-born child in the testator's will or by codicil added thereto; and, second, as to whether the adopted child, Rachel Marie Sorrell, stands in the same position as a child born after the making of its parent's will.

The statute provides: "Children born after the making of the parent's will, and whose parent shall die without making any provision for them, shall be entitled to such share and proportion of the parent's estate as if he or she had died intestate, and the rights of any such after-born child shall be a lien on every part of the parent's estate, until his several share thereof is set apart in the manner prescribed in this chapter."

Without deciding whether the "provision" for after-born children, which will exclude them from sharing in the parent's estate, entirely disposed of by prior will, must be made in the will itself, or by codicil added thereto, or whether the same result would follow if such provision were made by gift, settlement, or otherwise (*Flanner v. Flanner,* 160 N. C., 126; *Meares v. Meares,* 26 N. C., 192), we are of opinion that, on the facts of the present record, it was not the purpose of the testator to make provision for his son, and thus exclude him from sharing in his estate by taking out and carrying for his benefit the policy of life insurance above mentioned, nor was such in fact a provision for him as contemplated by the statute, but rather, we think, the testator, through inadvertence, or perhaps a correct understanding of the effect of the birth of a child after the making of his will, when no provision is made for such child, neglected or omitted to make any alteration in his last will and testament as originally executed and published in 1910. *Thomason v. Julian,* 133 N. C., 309; Note, Ann. Cas., 1913D, 1328.

It was said in *Meares v. Meares, supra,* that the provision made for the after-born child, which will exclude such child from taking under

the statute, must be *ex provisione parentis,* and not otherwise. Such would seem to be in keeping with the clear meaning of the statute.

Under this view it follows that the defendant, John Collier Sorrell, is entitled to share in his father's. estate, the same as if his father had died intestate. *Rawls v. Ins. Co.,* 189 N. C., 368; *Dixon v. Pender,* 188 N. C., p. 794.

It is contended that what has been said in regard to the policy of insurance, taken out for the benefit of the testator's son, applies equally to the policy issued in favor of his adopted daughter, and that she, too, under the statute, C. S., 185—her adoption being for life—is entitled to all the rights belonging to the relationship of parent and child. The argument is not without its sympathetic appeal, but Rachel Marie Sorrell, the adopted daughter, on the facts of the present record, is not entitled to a child's share of the testator's estate, for, while she is endowed "with all the duties, powers and rights belonging to the relationship of parent and child," under the law relative to the adoption of minors, yet, by the express terms of the statute, it is only in case the adoption be for the life of the child "and the petitioner die intestate" that the order of adoption is to have the effect of enabling "such child to inherit the real estate and entitle it to the personal estate of the petitioner in the same manner and to the same extent such child would have been entitled to if such child had been the actual child of the person adopting it." This same statute also provides: "The child shall not inherit and be entitled to the personal estate, if the petitioner specially sets forth in his petition such to be his desire and intention." The record is silent on this latter point; however, the question is not material.

Here, the adopting parent, or petitioner as above designated, died testate, hence the right of inheritance or the right to a distributive share of the personal estate of the parent, does not arise or enure to the benefit of the adopted child. 28 R. C. L., 192.

In this jurisdiction, the subsequent birth of issue, or adoption of a child, does not revoke a will, as does a subsequent marriage in certain cases. C. S., 4134. "No will shall be revoked by any presumption of an intention on the ground of an alteration in circumstances." C. S., 4135.

Accordingly, as the law is now written, the one shall share, and the other shall not. This may seem an inequality, but it was ever thus. Even so, "Two women shall be grinding at the mill; the one shall be taken, and the other left." Mat. 24:41.

Let the cause be remanded, to the end that further proceedings may be had as the law directs and the rights of the parties require.

Error and remanded.