SWANNIE HORNADAY. JULIA HORNADAY ROSS AND HUSBAND, S. D. ROSS, AND S. D. ROSS AND M. A. COBLE, EXECUTORS OF THE ESTATE OF R. G. HORNADAY, AND SUE J. HORNADAY, v. THOMAS L. HORNADAY AND WIFE, BESSIE HORNADAY, ROBERT L. HORNADAY AND WIFE, MYRLL HORNADAY. WILLIAM HOWARD HORNADAY AND WIFE, MRS. WM. HOWARD HORNADAY, AND D. C. BRYAN, EXECUTOR OF VICTOR C. HORNADAY, DECEASED.

(Filed 4 June, 1948.)

**1. Wills § 31—**

In construing a will, the object is to ascertain the intent of the testator as gathered from his language, giving consideration to every part of the instrument.

**2. Same—**

In construing a will it is to be assumed that the testator understood the provisions of the instrument.

**3. Wills § 45b—**

Testator devised the remainder of his realty to two daughters and one son, with provision that at the election of the daughters they might purchase the son's share for a stipulated sum, with further provision that if they elected to exercise the option, the money should be paid the son part in cash and the balance to a trustee to be paid the son in ten annual installments. The son died prior to the exercise of the option. *Held:* The daughters are not entitled to exercise the option as against the son's executor.

APPEAL by defendants from *Bone, J.,* at the September Term, 1947, of ALAMANCE.

The controlling facts in this case have been established by admissions made by the parties in the pleadings and on the trial in the court below.

R. G. Hornaday died on 29 September, 1944, while domiciled in Alamance County, leaving a will in which he appointed S. D. Ross and M. A. Coble his executors, and named his widow, Sue J. Hornaday, and his sons, Victor C. Hornaday and Thomas L. Hornaday, and his daughters, Swannie Hornaday and Julia Hornaday Ross, his devisees and legatees. The only part of the will bearing on the present controversy is the seventh item, reading as follows:

"I give, devise, and bequeath all the rest and residue of my estate to my three children, Victor, Swannie and Julia, share and share alike. If my daughters, Swannie and Julia, elect to do so, they may pay to my son, Victor, the sum of seven thousand dollars ($7,000.00) in satisfaction of his share of the residue of my estate, but if such is done, it is my desire that payment be made as follows: two thousand dollars ($2,000.00) cash, with the balance of five thousand dollars ($5,000.00) to be placed in secure trust to be paid five hundred dollars ($500.00) per year for ten (10) years."

The will of R. G. Hornaday was admitted to probate in common form before the Clerk of the Superior Court of Alamance County on 5 December, 1944, and Thomas L. Hornaday entered a caveat to such probate on 30 March, 1945. The issue of *devisavit vel non* raised by this caveat was answered in favor of the propounders by a jury at the May Term, 1946, of the Superior Court of Alamance County, and a judgment was thereupon rendered establishing the will in solemn form.

As the personal estate of R. G. Hornaday is insufficient to pay all of his debts and the charges of administration of his estate, real property alone passes under the seventh item of his will. Nothing in the record discloses the value of this property. The administration of R. G. Hornaday's estate is not yet completed.

Victor C. Hornaday died unmarried on 28 September, 1946, domiciled in the State of Florida. He left a will, naming D. C. Bryan as his executor and giving all of his property to his brother, Thomas L. Hornaday, and his sister-in-law, Bessie Hornaday, and their two sons, Robert L. Hornaday and William Howard Hornaday, in equal shares. This will has been admitted to probate in the Superior Court of Alamance County, and D. C. Bryan has qualified as executor under it.

The plaintiffs, Swannie Hornaday and Julia Hornaday Ross, did not undertake to exercise the option to purchase the share of their brother, Victor C. Hornaday, in the residue of the estate of their father, R. G. Hornaday, under the seventh item of the will of the latter at any time during the life of Victor C. Hornaday. But subsequent to his death, to wit, on 22 January, 1947, they brought this proceeding against D. C. Bryan, the executor of Victor C. Hornaday, and Thomas L. Hornaday, Bessie Hornaday, Robert L. Hornaday, and William Howard Hornaday, the beneficiaries named in the will of Victor C. Hornaday, tendering the sum of $7,000.00 to such executor and beneficiaries for the share of Victor C. Hornaday in the residue of the estate of R. G. Hornaday, and seeking a decree enforcing the option mentioned in the seventh item of the will of R. G. Hornaday against such executor and beneficiaries. The defendants refused to accept the sum so tendered to them by the plaintiffs, Swannie Hornaday and Julia Hornaday Ross, upon the ground that the testamentary option could not be exercised against them.

The trial judge concluded upon the admissions of the parties that the plaintiffs, Swannie Hornaday and Julia Hornaday Ross, were entitled to exercise the testamentary option against the executor and beneficiaries named in the will of Victor C. Hornaday by paying to such executor and beneficiaries the sum of $7,000.00 with interest from the death of R. G. Hornaday, and entered judgment accordingly. The defendants thereupon appealed.

*Long & Long for plaintiffs, appellees.*

*W. Bryan Bolich, L. C. Allen, J. Elmer Long, and Clarence Ross for defendants, appellants.*

ERVIN, J. This appeal necessitates the interpretation of the seventh item of the will of R. G. Hornaday. It is elementary learning that the object of all construction is to ascertain the intent of the testator. *Jones v. Jones,* 227 N. C., 424, 42 S. E. (2d), 620; *Robinson v. Robinson,* 227 N. C., 155, 41 S. E. (2d), 282; *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356. This intent must be determined from the language used by the testator. *Smyth v. McKissick,* 222 N. C., 644, 24 S. E. (2d), 621; *Sharpe v. Isley,* 219 N. C., 753, 14 S. E. (2d), 814; *Whitley v. Arenson,* 219 N. C., 121, 12 S. E. (2d), 906. All of the provisions of the will must be considered in the light of the presumption "that every part of the will indicates an intelligent purpose." *Williams v. Best,* 195 N. C., 324, 142 S. E., 2. Moreover, it is to be assumed that the testator understood the provisions of his will. *Lunsford v. Yarbrough,* 189 N. C., 476, 127 S. E., 426.

When the seventh item of the will of R. G. Hornaday is read in the light of these principles, his intention as therein expressed is plain. He intended to give his son, Victor C. Hornaday, an undivided one-third part of the residue of his estate, subject to the option of his daughters, Swannie Hornaday and Julia Hornaday Ross, to purchase such undivided one-third part of such residue from Victor C. Hornaday for the sum specified, and he intended such option to be exercised by Swannie Hornaday and Julia Hornaday Ross, if at all, during the lifetime of Victor C. Hornaday.

Any other interpretation would set at naught the highly significant words of the testator to the effect that the testamentary option was to be exercised by his daughters by paying the specified sum to a named person, to wit, the testator's son, Victor, and that the property subject to the option was the share of a named person, to wit, the testator's son, Victor, in the residue of the testator's estate. Besides, any construction of the seventh item of the will of R. G. Hornaday extending the efficacy of the testamentary option beyond the lifetime of Victor C. Hornaday would deny any intelligent purpose to the expressed desire of the testator that the sum to be paid on the exercise of the option should be payable as follows: "Two thousand dollars ($2,000.00) cash, with the balance of five thousand dollars ($5,000.00) to be placed in secure trust to be paid five hundred dollars ($500.00) per year for ten (10) years." It seems reasonable to infer that the father put this provision in his will for the intelligent purpose of protecting his son against some familiar improvident trait in financial matters. Be this as it may, it is certainly not conceivable that R. G. Hornaday would have prescribed any such mode

of payment if he had intended for the testamentary option to be exercised against his son's personal representative, or heirs, or next of kin, or devisees, or legatees, whom he had no means of knowing or identifying when he made his will.

A painstaking examination of the authorities fails to reveal any precedent dealing with the exact factual situation here considered. But the conclusion here reached finds abundant support in sound decisions in other jurisdictions holding, in substance, that when a will gives an option to purchase to a named person, the option is personal to the optionee, and ends when the optionee dies without having exercised it. *In re Ludwick's Estate,* 269 Pa., 365, 112 A., 543; *Adams v. Adams,* 95 W. Va., 187, 120 S. E., 590; *Weitzmann v. Weitzmann,* 87 Ind. App., 236, 161 N. E., 385; *In re Hauser,* 50 N. Y. S. (2d), 709.

For the reasons given, we hold that the option given the plaintiffs, Swannie Hornaday and Julia Hornaday Ross, by the seventh item of the will of R. G. Hornaday did not extend beyond the lifetime of Victor C. Hornaday, and that the judgment of the court below to the contrary must be

Reversed.