A. T. WARD. ADMINISTRATOR OF THE ESTATE OF BURR E. COBURN, DECEASED LEGATEE/DEVISEE UNDER THE WILL OF J. E. COBURN, DECEASED; NINA M. SHARPE, LEGATEE/DEVISEE; AND MRS. LENA COBURN AND NINA M. SHARPE, SOLE HEIRS AT LAW AND DISTRIBUTEES OF THE ESTATE OF BURR E. COBURN, DECEASED, v. S. W. BLACK AND WILL W. WIGGINS, EXECUTORS, AND WILL W. WIGGINS, WALTER B. WIGGINS, MRS. CATHERINE SWANN AND MRS. GERTRUDE DUCKETT, LEGATEES UNDER THE WILL OF J. E. COBURN, DECEASED.

(Filed 22 September, 1948.)

**1. Wills § 31—**

While a will must be construed from its four corners or contextually, this rule of construction does not require courts to disregard the division of the instrument into sentences and paragraphs or to give a strained construction contrary to the grammatical sense of the words and form as ordinarily used by intelligent people for the expression of thought and intention.

**2. Wills § 33c—Specific bequests vested at testator's death, and provision for vesting at time of distribution of estate applied only to residuary clause.**

In one paragraph of the will in suit the testator specified certain bequests to named beneficiaries. By subsequent paragraph he stipulated that after the payment of the debts and expenses of the estate and the bequests to the legatees set forth in the prior paragraph, naming them, the residue of the estate should be equally divided among named beneficiaries, with further provision that in the event of the death of any of "the above named prior to the distribution of my estate" the share of the deceased legatee should be paid as stipulated. *Held:* The legacies set out in the first paragraph vested in the legatees at the time of the testator's death, and the provision that the legacy should lapse in the event a legatee died prior to the distribution of the estate applied only to those named in the residuary clause.

PLAINTIFFS' appeal from *Alley, J.,* October-November Term, 1947, SWAIN Superior Court.

In this proceeding, brought under the provisions of G. S., 1-253, *et seq.*,—Uniform Declaratory Judgment Act—the parties seek to have construed the will of J. E. Coburn, deceased. The petitioners, or plaintiffs, are the administrator of the estate of Burr E. Coburn, a beneficiary under the will who died intestate, and certain of the latter's heirs at law or successors in title who claim as distributees of that estate; and the respondents, or defendants, are the executors under the Coburn will.

In the first paragraph of his will Coburn left all of his property of every description to his wife, but contingently, with further disposition in case of her death under certain conditions, which actually supervened. We find it necessary to reproduce only the 4th paragraph of the will, the provisions of which comprehend this controversy, with such reference to other parts of the will as may be pertinent.

"Fourth: In the event that my wife's death should occur at the same time as my own, or soon thereafter, and prior to her making any disposition by will or otherwise of the property accruing to her, under the terms of this will, then and in that event, I will, devise and bequeath all of my property, real and personal, as follows:

"(a) I will that my executors hereinafter appointed out of the first moneys coming into their hands out of my estate and after all debts are paid to pay Will W. Wiggins the sum of Ten Thousand ($10,000.00) Dollars; to my sister, Nina M. Sharpe of Lansing, Michigan, the sum of Ten Thousand ($10,000.00) Dollars; to my brother, Burr E. Coburn, of Lansing, Michigan, the sum of Ten Thousand ($10,000.00) Dollars, and to my mother, Mary A. Coburn, of Perry, Michigan, if she still be living, the sum of Ten Thousand ($10,000.00) Dollars.

"(b) I will that the residue of my estate, after the payment of all debts and expenses, and the bequests of $10,000.00 each to Will W. Wiggins, Nina M. Sharpe, Burr E. Coburn, and Mary A. Coburn, be divided equally share and share alike among the following:

"My brother, Burr E. Coburn of Lansing, Michigan, and my sister, Nina M. Sharpe of Lansing, Michigan, and the brothers and sisters of my wife, as follows: Will W. Wiggins, Walter B. Wiggins, Bettie Wiggins, Mrs. Catherine Swann, Mrs. Gertrude Duckett. *In the event of the death of any of the above named prior to the distribution of my estate his or her share shall be paid to their children if any, and if not, the estate shall be distributed share and share alike among the survivors of those above named.*"

That portion of paragraph 4 (b) giving rise to the controversy over the construction of the will is printed in italics for convenience of reference and discussion.

The record discloses that the testator, J. E. Coburn, his wife, Mrs. Bland W. Coburn, and Bettie Wiggins, a beneficiary, all died November 30, 1934—it is suggested simultaneously—but whether in a common disaster does not appear. Bettie Wiggins left no children.

Burr E. Coburn died intestate February 13, 1940, prior to any distribution of the estate and without child; testator's mother, Mrs. Mary A. Coburn, predeceased him.

The executors Black and Wiggins took charge of the estate, which consisted largely of mountain lands, for which it appears there was no immediate market, and undertook its conversion into distributable funds as soon as feasible. No sale was brought about until 1944 when a satisfactory sale was made to the T. V. A. in connection with the Fontana Dam Project, and the executors secured sufficient funds to pay the debts of the estate and have a surplus for distribution to those entitled under the will. Meantime, as noted, Burr E. Coburn had died.

The plaintiffs contended that the legacy of $10,000 bequeathed to Burr E. Coburn in paragraph 4 (a) of the will had vested at the time of his death and that Mrs. Lena Coburn and Nina M. Sharpe are now entitled to the same as sole heirs at law or successors to his estate. The defendants contended that the above italicized portions of paragraph 4 (b) is applicable to all the provisions and bequests of paragraph 4 (a); that the bequest in 4 (a) of $10,000 to Burr E. Coburn was contingent only, and dependent upon his being alive at the time of the distibution of the estate, which contingency had failed; and that now, as survivors under the modifying provisions of 4 (b) they were entitled to the legacy.

By agreement Judge Alley tried the case without the intervention of a jury, found the facts, made his conclusions of law, and rendered judgment, holding that the portion of 4 (b) above italicized should be applied to the provisions and bequests contained in paragraph 4 (a); and that Burr E. Coburn had only a contingent legacy and "due to the fact that Burr E. Coburn died before money came into the hands of the executors of said will with which to pay debts and before money came into the hands of said executors to pay the bequests set out in paragraph 4 (a) of testator's will, that said legacy of $10,000 to Burr E. Coburn lapsed," and that by reason of the death of Burr E. Coburn without children surviving and before the distribution of the estate of said testator, the legacy of $10,000 given him in paragraph 4 (a) "is not payable to the estate of Burr E. Coburn but properly belongs to and is a part of the estate of J. E. Coburn,"—the testator; and required the executors to distribute the same to the "surviving residuary legatees-devisees named

in said will, to wit: Nina M. Sharp, Will W. Wiggins, Walter B. Wiggins, Mrs. Catherine Swann, and Mrs. Gertrude Duckett, share and share alike."

From this judgment plaintiffs appealed.

*Morgan & Ward for plaintiffs, appellants.*
*Edwards & Leatherwood for defendants, appellees.*

SEAWELL, J. Since the devise or bequest to his wife became inoperative because of her death, we may say Coburn's entire estate is disposed of in two paragraphs,—4 (a) which includes the main disposition, and 4 (b) which passes the residue. The controversy grows out of the provision in 4 (b) above printed in italics. The decision here, as it did in the trial court, turns on the question whether this limitation should be applied to the provisions and bequests in 4 (a), or be confined to 4 (b) in which it occurs; or, to be more specific, whether the expression "above named" shall be held to apply only to the persons named in the list immediately preceding, or be extended also to the persons named as beneficiaries in 4 (a). The court below took the latter view; but we are unable to adopt that construction.

The appellees, with perfect propriety, urge that the will must be construed *contextually.* That is another way of putting the "four corners" rule to which we all agree; *Conrad v. Goss,* 227 N. C., 470, 42 S. E. (2d), 609; *Trust Co. v. Board of National Missions,* 226 N. C., 546, 39 S. E. (2d), 621; *Whitley v. Arenson,* 219 N. C., 121, 12 S. E. (2d), 906; but we dare not become so hopelessly contextual that "The forest takes from every tree, Its individuality."

The courts are not required to explore the will in order to discover nonapparent contradictions where the intent of the testator may be found from the grammatical sense.

Passing for the moment technical but sound rules of construction peculiar to the law, we must apply the broad assumption that the testator has used the devices common to intelligent people and the language itself for the expression of thought and intention. The will is made up of words, phrases, clauses, sentences,—and paragraphs. We are concerned with the grammatical sense and, where they appear, the rhetorical pauses, breaks and divisions intended to keep the flow of thought in reasonable unity and relation.

The grammatical connection seems to be reasonably plain. A list of the names of those to whom residuary legacies are given immediately precedes the reference "above named" in the same construction. It would be presumed, nothing else appearing, that the reference is to the contiguous list. The testator saw fit to embody this list of names, along

with the benefits to which they were entitled, in a separate paragraph. Webster defines "paragraph" as a "distinct section or subdivision of a discourse, chapter, or writing, whether of one or many sentences, that forms a rhetorical unit as dealing with a particular point of the subject." It may be regarded as a cubicle in which the testator placed a part of the subject matter for more specific treatment, to establish the finer interrelations. In this particular instance there is no apparent reason for extending it beyond the limitations of the paragraph. In our opinion the two paragraphs set up distinct categories of names and benefits, self-inclusive, and neither in fact nor intention does the expression "above named" have the effect of merging the two. By logic and custom, if not of necessity, the names of those receiving the main bequests occupy a precedent position to the names receiving the residue.

The contention of the appellees is repugnant to the general testamentary scheme and would reverse it in *medias res*. It is hardly probable that the testator, after disposing of the main estate to those who were by selection the primary objects of his bounty, and most of them blood kin, would declass these persons and degrade the nature of the bequests so as to open the succession to all of the second class, containing mostly persons unrelated to him, for no reason at all, or at least for no apparent or discoverable reason.

The $10,000 legacy given to Burr E. Coburn in paragraph 4 (a) was not contingent.

We find nothing in the will repugnant to the construction we have given it. In our opinion the legacy bequeathed Burr E. Coburn in paragraph 4 (a) vested in him at the time of the death of the testator, J. E. Coburn, and we so hold. The plaintiff, A. T. Ward, as administrator of Burr E. Coburn, and his coplaintiffs, Mrs. Lena Coburn and Nina M. Sharpe, as sole successors in title to Burr E. Coburn, are entitled to recover and receive the same. Distribution will be made accordingly.

The judgment of the lower court is reversed; and this cause is remanded to the Superior Court of Swain County for judgment in accordance with this opinion.

Reversed and remanded.