JOSEPH G. WHEELER v. J. S. WILDER and WIFE, ELLA WILDER.

(Filed 20 October, 1948.)

1. **Wills § 31—**

The cardinal rule in the interpretation of a will is to ascertain the intent of the testator as gathered from the four corners of the instrument, and to give effect to such intent unless contrary to some rule of law or in conflict with public policy.

2. **Wills § 33b—**

Testator devised an estate for life to his wife and then an estate to his nephew to have and to hold during his lifetime and after his death "to be inherited by nearest heir in the Wheeler family." Wheeler was the surname of both the testator and the nephew. *Held:* Construing the will as a whole, it is apparent that "nearest heir in the Wheeler family" referred to heir of testator and not the nephew, and the rule in *Shelley's case* is inapplicable. Since it appears that testator had collateral heirs who might inherit, the nephew cannot convey the fee simple.

APPEAL by defendants from *Williams, J.*, at August Mixed Term, 1948, of JOHNSTON.

Civil action for specific performance of written contract of sale and purchase of certain land in Johnston County, North Carolina.

The parties submitted the matters in controversy in this action upon an agreed statement of facts substantially these:

1. Plaintiff and defendants entered into a written contract on 21 June, 1948, for the sale and purchase of a certain specifically described tract, piece or parcel of land in Johnston County, North Carolina, by the terms of which contract plaintiff agreed to convey said land to defendants by good and sufficient deed "with full covenants and warranty," etc.

2. Plaintiff, in due time, tendered to defendants a deed in the form he had agreed to do, but defendants refused to accept same, and to pay the agreed purchase price, for that they contend that plaintiff cannot convey a fee simple title to said lands in that he acquired, and has only a life estate in said land, under the following provisions of the will of Alsey B. Wheeler, under which he claims title: "And after the death of myself, Alsey B. Wheeler and wife, Winnie Elizabeth Wheeler, we bequeath to our nephew, Joseph Gardner Wheeler, our tract of land, thirty-three acres and fifty three one-hundredths which he is to have and to hold during his lifetime, and after his decease to be inherited by nearest heir in the Wheeler family to have and to hold as long as the law will allow."

3. During the year 1929, Joseph G. Wheeler, who is the same person as Joseph Gardner Wheeler, named in said will, built a home on said land, and lived, and was living thereon at the time of the death of Winnie Elizabeth Wheeler, in August, 1930, and of Alsey B. Wheeler on 1 April, 1931. And Alsey B. Wheeler, at the time of making his will, and at the time of his death, owned the fee simple title to said land.

4. The land in controversy here is the identical tract of land devised to said Joseph Gardner Wheeler in the will of said Alsey B. Wheeler, and "all of the persons interested in the controversy presented hereby, namely, the soundness of the plaintiff's title are parties to this action, are of full age and are properly before the court."

The court finding the agreed statement of facts to be true, and being of opinion that by the language of the will of Alsey B. Wheeler, quoted in paragraph two above, an estate in fee simple is devised to Joseph Gardner Wheeler, the plaintiff herein, and that he is the owner in fee simple of the lands described in the contract to convey, set out in this action, entered judgment against defendants for specific performance.

Defendants appeal therefrom to Supreme Court and assign error.

*A. M. Noble for plaintiff, appellee.*
*F. H. Brooks for defendants, appellants.*

WINBORNE, J.   The debate on this appeal is focused upon this clause "and after his decease to be inherited by nearest heir in the Wheeler family," which appears in the will of Alsey B. Wheeler.

Plaintiff, appellee, contends that the words "nearest heir in the Wheeler family," as used in the will, mean the "nearest heir in the Joseph Gardner Wheeler family," that is, his heirs. And defendants concede that if this be the meaning, plaintiff has a fee simple title under the rule in *Shelley's case*. This is the construction put upon the clause on the hearing below.

On the other hand, defendants contend that the words "nearest heir in the Wheeler family" mean the "nearest heir in the Alsey B. Wheeler family," that is, the nearest heir of the testator,—and that, hence, the life estate given to Joseph G. Wheeler was not enlarged into a fee simple.

"The cardinal principle in the interpretation of wills is to discover the intent of the testator looking at the instrument from its four corners, and to give effect to such intent, unless contrary to some rule of law or at variance with public policy." *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356; *Williams v. Rand,* 223 N. C., 734, 28 S. E. (2d), 247. "The object is to arrive at, if possible, the intention and meaning of the testator as expressed in the language used by him." *Patterson v. Mc-Cormick,* 181 N. C., 311, 107 S. E., 12.

Applying these principles to the case in hand, and considering the will of Alsey B. Wheeler, from its four corners, the intention of the testator seems clear from the language he used. It is significant that, first, he gives to his wife "all the real estate . . . to have and to hold her lifetime"; then "after the decease" of himself and of his wife, the language is "we bequeath to our nephew, Joseph Gardner Wheeler, our tract of land . . . which he is to have and to hold during his lifetime"; and, then, "after his decease to be inherited by nearest heir in the Wheeler family to have and to hold as long as the law will allow." In other words, it is apparent that the testator had in mind three objects of his bounty in this order, first, his wife, during her lifetime; second, his nephew, during his lifetime; and, third, his own blood kin in general. That is, after his wife had enjoyed his tract of land for life, and then after his nephew had enjoyed it for life, it should go to the nearest kin in his, the testator's, family.

And it is noted that while in the agreed statement of facts it is stated that "all of the persons interested in the controversy presented hereby, namely, the soundness of the plaintiff's title, are parties to this action, are of full age and are properly before the court," there are expressions in the briefs of counsel for appellants and for appellee, respectively, that tend to show that testator had no children, but had relatives,— appellant saying "it is agreed that Alsey B. Wheeler left heirs who could inherit this land in question."

In the light of the above holding, the judgment below is
Reversed.