EVELYN J. WILLIAMSON, Executrix of the Estate of JOHN P. WILLIAM-SON, SR., Deceased, and EVELYN J. WILLIAMSON, Widow, in Her Own Right, v. JOHN P. WILLIAMSON, JR., and WILLIAM J. WILLIAMSON, Minors, Appearing Herein by Their Duly Appointed Guardian ad Litem, EDWARD F. GRIFFIN.

(Filed 3 May, 1950.)

**1. Wills § 41—**

Testator had two children, one born before and one after the execution of the will. No testamentary provision was made for either child, but testator, after the birth of the second child, procured a policy of life and accident insurance on his life, making both the children beneficiaries therein. *Held:* The procurement of the policy was not such a provision for the afterborn child as to prevent such child from participating in his father's property as heir and distributee. G.S. 31-45.

**2. Same—**

While the courts will not inquire into the adequacy of provision made for a child born after the execution of the will within the purport of G.S. 31-45, such provision must be of reasonable substance and value *in praesenti.*

**3. Wills § 31—**

As a general rule, a will should not be construed phrase by phrase so that a subsequent restrictive phrase be rejected as repugnant to a prior general devise, but the entire instrument should be construed from its four corners to ascertain the intent of testator.

**4. Wills § 33g—**

The sole dispositive sentence was to testator's wife in fee simple all his property, "she to be entitled to same so long as she lives." *Held:* The will devised only a life estate to the wife, and as to the remainder testator died intestate.

BARNHILL, J., took no part in the consideration or decision in this case.

PLAINTIFFS' appeal from *Harris, J.,* in Chambers March 18, 1950. From FRANKLIN Superior Court.

This action was instituted by the plaintiff as executrix and in her own right against the minor defendants, under the provisions of Article 26, Chapter 1 of the General Statutes, to procure a judicial construction of the last will and testament of John P. Williamson, Sr., deceased. The complaint and answer thereto are in agreement as to the facts which may be stated as follows:

John P. Williamson, Sr., died August 1, 1949, leaving surviving him his widow, Evelyn J. Williamson, and two minor children, John P. Williamson, Jr., and William J. Williamson, who are represented in this proceeding by E. F. Griffin, guardian *ad litem.*

He left a will in which the single disposing clause consists of one sentence as follows: "ITEM Two: After payment of my burial expenses and my just debts, if there be any owing at the time of my death, I give to my beloved wife, Evelyn J. Williamson, in fee simple, all my property, both real and personal, of every description and kind and wheresoever situate, she to be entitled to same so long as she lives."

Evelyn J. Williamson qualified as executrix under the will August 10, 1949, and is now acting in that capacity.

John P. Williamson, Jr., was born in December, 1943, prior to the execution of the will, and William J. Williamson was born in May, 1947, after its execution and during the life of the testator.

Before his death John P. Williamson, Sr., on or about December 8, 1949, procured a life insurance policy on his own life containing a double indemnity provision in case of death by accident and naming John P. Williamson, Jr., and William J. Williamson as beneficiaries, each in the sum of $2,000.

Williamson, Sr., died as the result of an automobile accident, increasing the benefit to each of the beneficiaries to $4,000 which is now left in trust for them.

The petition of the plaintiff avers that by reason of these facts the policy of insurance taken out by John P. Williamson, Sr., for the benefit of William J. Williamson, whose name does not appear in the will, is a provision for the said child within the meaning of G.S. 31-45, operating to estop him from participating in his father's estate by reason of intestacy as to him. In her petition, Mrs. Evelyn J. Williamson also alleges that, properly interpreted, the effect of the language employed in the second item of the will devises to her a fee simple estate in all the property of the testator without further limitation or qualification.

The answering guardian *ad litem* denies that procuring of insurance on his own life by the testator and making William J. Williamson his beneficiary, although the policy may have matured in his favor, is a compliance with the provisions of the statute, and avers that he is not thereby estopped from participating in the estate as an heir at law on account of intestacy as to him. G.S. 31-45.

The parties to the action joined in the request for construction of the will.

After hearing, under a stipulation between parties that judgment might be rendered out of the County and at chambers, Judge Harris rendered judgment at chambers in the City of Raleigh on the 18th day of March, 1950.

After finding the facts as above, he concluded in construing the will:

(1) That Evelyn J. Williamson did not take a fee simple to testator's property under the devise in the will, but only a life estate therein, the

remainder passing as undevised property under the statute of descent and distribution, with, however, further modifications from the fact that Williamson, Sr., died wholly intestate as to William J. Williamson and as appears *infra.*

(2) That John P. Williamson, Sr., did not make any provision for William J. Williamson, who was born after the execution of his father's will, as contemplated in G.S. 31-45, by the procurement of the life insurance policy above mentioned so as to bar the said minor from sharing in his father's property by inheritance and distribution, because of the intestacy as to him.

The interests of the parties respectively were worked out in detail in accordance with the above construction placed on the will, and embodied in the judgment.

From the judgment rendered the plaintiff appealed, assigning as errors, *inter alia,* the following:

"Exception No. 1: That the Court erred in its conclusion of law that procurement of insurance by John P. Williamson, Sr., for the benefit of his son, William J. Williamson, born after the execution of the will in question, was not a provision" as contemplated and required by Sec. 31-45, General Statutes of North Carolina, and that testator died intestate in so far as said child is concerned.

"Exception No. 2: That the Court erred in its conclusion of law that under the will in question, the plaintiff, Evelyn J. Williamson, did not take a fee simple estate in all of the property of her deceased husband, John P. Williamson, Sr."

Exception No. 3 is to the determination of the several interests of the parties and is considered in its relation to the above exceptions.

*Malone & Malone for plaintiff, appellant.*

*Edward F. Griffin—Guardian ad Litem for John P. Williamson, Jr., and William J. Williamson, Minors, defendant appellees.*

SEAWELL, J. This appeal poses three questions: Was the procurement of a life and accident policy on his own life, naming as his beneficiary William J. Williamson, the son born after the execution of the will, such a provision for the latter as is contemplated in G.S. 31-45, barring him from participation in his father's property as heir and distributee?

What estate does Evelyn J. Williamson take under the will; in fee or for life?

What interests in the subject property do the parties respectively have?

1. The first question is answered adversely to appellant's contention in *Sorrell v. Sorrell* (1927), 193 N.C. 439, 137 S.E. 306, on a factual situation on "all fours" with the instant case. The whole opinion is

WILLIAMSON v. WILLIAMSON.

pointedly applicable and might be·quoted; but preferably it should be read with its connection and sequences.

The appellant contends, however, that economic changes have taken place since the rendition of that opinion, especially with regard to the importance of life insurance, and its place in these changing economies in affording family security and stabilizing social conditions. We know that with the passage of time many subjects have graduated into categories theretofore denied them, in the process of "keeping the law alive," *pari passu* with progress. Animation of the "living law" must be found in its reasonable conformity to the *mores* of the people who are its ultimate sponsors,—in the progress which breeds its necessity and accepts its control. Those required to interpret it judicially, *when the initiative is theirs and the duty clear,* should be glad to recognize and promote its currency. But there is no particular emphasis in the trends mentioned that would relieve *Sorrell v. Sorrell* from its obligation to *stare decisis* as establishing a rule of law relating to property rights; and we are persuaded that there are reasons behind the decision that are not affected by the factors pointed out: Such as the inherent unsuitability of life insurance as a substitute for the provision omitted from the will and its indirectness as *ex parentis provisione.*

Neither the trial court nor this Court will be an arbiter of the adequacy of the posited provision; *King v. Davis,* 91 N.C. 142; but in order to be *ex parentis provisione* it must be something of reasonable substance and value *in praesenti* rather than a possibility which must be continually fed to keep it alive, and may never get beyond the control of the insured. The want of directness in such a provision and of the characteristics mentioned would in any event prevent its ready acceptance in that role. It is not necessary to say that these considerations were in the minds of the Court at the time the decision was rendered; but we consider the opinion sound in principle as presently applied.

2. The appellant argues that since the testator first unequivocally devised Evelyn J. Williamson an estate in fee simple to his property and thus "divested himself of the fee, there is nothing further to grant or devise and no further control over the subject of his gift or devise," quoting from *Fellowes v. Durfey,* 163 N.C. 305, 79 S.E. 621; and *Daniel v. Bass,* 193 N.C. 294, 136 S.E. 733; citing also *Barco v. Owens,* 212 N.C. 30, 192 S.E. 862, and numerous cases therein cited.

On the other hand the appellees are equally sure that since the last testamentary expression was to that effect the plaintiff took only a life estate, citing *Rees v. Williams,* 164 N.C. 128, 81 S.E. 286, and *Taylor v. Brown,* 165 N.C. 157, 81 S.E. 137.

We do not think either proposition is of universal application or particularly pertinent to the matter in hand. Modern legal thought rejects

the concept that power goes out of the maker of the instrument step by step as the words are spoken, and holds to the theory that the story is not told until the amen of the signature is uttered.

Space forbids us to go into an extended analysis of the cases cited by the appellant so as to show their factual differences from the case at bar. An example, however, may be found in the more recent case of *Barco v. Owens, supra,* which, carefully noted, eliminates itself from the list of authorities supporting appellant's contention.

But even if there may be found in some former cases expressions more general than required in the particular case, apparently reverting to less liberal rules of construction, this does not alter the rule that in finding the intent we must look to the whole instrument; from "its four corners." *Jarrett v. Green,* 230 N.C. 104; *Hornaday v. Hornaday,* 229 N.C. 164, 47 S.E. 2d 857; *Ward v. Black,* 229 N.C. 221, 49 S.E. 2d 413; *Wheeler v. Wilder,* 229 N.C. 379, 49 S.E. 2d 737.

It is scarcely possible to assume that the will was written by an expert scrivener or a lawyer. The dispository sentence contains in its brief compass two repugnant designations of the estate conveyed: the first "in fee simple," the second for life. The first in terms as technical as can well be conceived, such as we would expect from a professional. The second as vernacular as any English-speaking layman might use. We are inclined to vote for the simpler expression as embracing the intent, with the more technical and perhaps less understood term as expressive of the beneficiary's uninterrupted enjoyment of the premises "as long as she lives." We, therefore, hold that the will conveyed to Evelyn J. Williamson a life estate only in her husband's property.

3. We only need add that the conclusions thus reached are determinative of the several interests of the parties, quantitatively, and the legal implications attached. The schedule adopted in the lower court correctly determines such interests, and we do not understand it to be challenged, assuming that the basic conclusions of law as above outlined prevail.

We have given due care to the rules of construction which counsel for the appellant have called to our attention,—the presumption against partial intestacy, the rule favoring early vesting of the estate, and others; but persuasive as they may be, we have been unable to follow them to conclusion in our present attempt to resolve into testamentary significance these apparently repugnant parts of the sentence without destroying the will.

It follows that the judgment must be affirmed. It is so ordered.

Affirmed.

BARNHILL, J., took no part in the consideration or decision of this case.